## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

108. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

109. New York State Executive Law §296(7) also provides that "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article. 8. It shall be an unlawful discriminatory practice for any party to a conciliation agreement made pursuant to section two hundred ninety-seven of this article to violate the terms of such agreement."

110. Defendant engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

111. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

112. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

"For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

113. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

114. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

115. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

116. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by actually and constructively

discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his age, disability, citizenship, and perceived sexual orientation.

117. Plaintiff also claims that defendants violated any and all applicable sections of New York City's Administrative Code pertaining to the facts herein.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

118. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

119. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice:

> "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

120. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

121. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

122. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:

"For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

123. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE
## NEW YORK CITY ADMINISTRATIVE CODE

124. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

125. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any

person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

126. Each of the Defendants violated the herein section as set forth herein.

### AS A EIGHTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE NEW YORK CITY
### ADMINISTRATIVE CODE

127. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

128. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   (1) the employee or agent exercised managerial or supervisory responsibility; or

   (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an

employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

129. Defendants violated the herein section as set forth herein.

## AS A NINTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

130. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

131. Defendants engaged in extreme and outrageous conduct.

132. Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress to Plaintiff.

133. There exists a causal connection between the above conduct and said injury.

134. As a result of said conduct Plaintiff suffered and suffers from severe emotional distress.

## AS A TENTH CAUSE OF ACTION
## DEFAMATION AND SLANDER

135. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

136. Defendant Libutti's statements were false and defamatory and were of and concerning the plaintiff.

137. Defendant Libutti published said statements to numerous persons including but not limited to Plaintiff's wife, a third party.

138. There exists fault on the part of the defendant.

139. Plaintiff sustained injury and damages as a result of the above.

140. Additionally, defendants defamation and slander constitute slander *per se*.

### AS AN ELEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT

141. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

142. Plaintiff and Defendants had an agreement dated September 15, 2005.

143. Defendants Breached said agreement.

144. Plaintiff suffered damages as a result of said damages.

### INJURY AND DAMAGES

145. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses, disability benefits, and Plaintiff has also suffered future pecuniary losses, emotional pain,

suffering, inconvenience, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by state common law, New York State Executive Law §296 et. Seq. and The New York City Administrative Code Title 8, §8-107 et. Seq.; and that the Defendants harassed, discriminated against, constructively discharged, and retaliated against Plaintiff on the basis of sex;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff damages from defendants' Breach of Contract.

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated:   New York, NY
         June 20, 2007

                                AKIN & SMITH, LLC

                           By: _____
                                Derek T. Smith


                           Attorneys for Plaintiff
                           305 Broadway
                           Suite 1101
                           New York, NY 10007
                           (212) 587-0760

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCESCO GALLO,

            Plaintiff,

-against-

ALITALIA – LINEE AEREE ITALIANE – SOCIETA PER AZIONI, PIERANDREA GALLI, and GIULIO LIBUTTI,

            Defendants.

N.Y. Co. Index No. 108597 - 07

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                         ) ss.:
COUNTY OF NEW YORK )

    Charles Caranicas, being duly sworn, deposes and says:

    1.    I am over the age of eighteen years and not a party to this action, and reside in Brooklyn, New York.

    2.    On July 13, 2007, I caused the within **NOTICE OF REMOVAL** to be served on plaintiff by causing a true copy of same, enclosed in an envelope addressed as shown below, to be delivered by overnight courier service to:

                Derek T. Smith, Esq.
                Akin & Smith, LLC
                305 Broadway, Suite 1101
                New York, New York 10007
                Attorney for Plaintiff *Francesco Gallo*

                                          Charles Caranicas

Sworn to and subscribed before me
this 13th day of July, 2007

_____
Notary Public

NANCY J. NEUBAUER
Notary Public, State of New York
No. 01NE5041602
Qualified in New York County
Commission Expires April 10, 2011

NEWYORK/#182045.1