# Derek Smith

**From:** "Derek Smith" <dtslaws@msn.com>
**To:** "CHARLES CARANICAS" <ccaranicas@vedderprice.com>
**Sent:** Friday, July 20, 2007 1:41 PM
**Subject:** Re: Gallo v. Alitalia; 07-6418 (CM) Stipulation

Charlie,

I write this email to ask that you do not move to dismiss the complaint as you did in the Mariotti case. This would be a complete waste of time. In Federal Court, it is Notice Pleading and the complaint not only sets forth enough detail to rival some depositions, it clearly explains the basis for same.

As clearly held in *Bolanos v. Norwegian Cruise Lines Ltd.* 2002 WL 1465907, *8 (S.D.N.Y.) (S.D.N.Y.,2002):

> "The Federal Rules of Civil Procedure employ liberal standards for pleading under Rule 8(a), requiring only a "short and plain statement" showing that the party is entitled to relief. Fed.R.Civ.P. 8(a); *see, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, ----, 122 S.Ct. 992, 996-99, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.... [C]laims lacking merit may be dealt with through summary judgment under Rule 56."); *Conley v. Gibson,* 355 U.S. 41, 47-48, 78 S.Ct. 99, 102-03, 2 L.Ed.2d 80 (1957) ("[A]ll the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.... Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues."); *National Asbestos Workers Med. Fund v. Philip Morris, Inc.,* 74 F.Supp.2d 221, 238 (E.D.N.Y.1999) (Weinstein, D.J.) ("A party is not required to allege every particular and detail at the pleading stage.").
>
> As the Second Circuit has explained:
>
> The complaint should not be burdened with possibly hundreds of specific instances; and if it were, it would be comparatively meaningless at trial where the parties could adduce further pertinent evidence if discovered. They can hardly know all their evidence, down to the last detail, long in advance of trial. *Nagler v. Admiral Corp.,* 248 F.2d 319, 326 (2d Cir.1957).

In light of the "notice pleading" requirements and the fact that Plaintiff properly placed defendants on notice of his claims, I strongly urge you not to waste our or the court's time on such a motion. Such a motion would only be proper in a motion for summary judgment after the completion of discovery and ONLY if you have a well founded basis for a judgment as a matter of law that no genuine issues of matter fact exist.

Thank you,

Derek

Derek T. Smith, Esq.
Akin & Smith, LLC
305 Broadway, Suite 1101
New York, NY 10007
(212) 587-0760 (tel)
(212) 587-4169 (fax)
1-877-4NYLAWS (toll free)
akinandsmith.com (website)

> ----- Original Message -----
> **From:** CHARLES CARANICAS
> **To:** orders_and_judges@nysd.uscourts.gov
> **Cc:** dtslaws@msn.com ; ALAN KORAL ; KATHERINE JOHNSON ; SHAUN EVANS
> **Sent:** Friday, July 20, 2007 10:52 AM
> **Subject:** Gallo v. Alitalia; 07-6418 (CM) Stipulation
>
>
> Dear Sir or Madam:
>     Attached hereto is a stipulation between the parties extending until August 17, 2007, Defendants' time to answer or otherwise respond to the complaint in the case: Francesco Gallo v. Alitalia Linee Aeree Italiane, SpA, et al, 07 CV 06418 (CM)(HP). Thank you for your prompt attention to this matter.
>
> Charles Caranicas, Esq.
> 212-407-7712
>
>
> FEDERAL TAX NOTICE:
> Treasury Regulations require us to inform you that any federal tax advice contained herein (including in any attachments and enclosures) is not intended or written to be used, and cannot be used by any person or entity, for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service. In addition, we do not impose upon any person or entity to whom this is addressed any limitation on the disclosure of the tax treatment or tax structure of any transaction discussed herein (including in any attachments and enclosures).