**AKIN & SMITH, LLC**
ATTORNEYS AT LAW
SUITE 1101
305 BROADWAY
NEW YORK, NEW YORK 10007
TEL. (212) 587-0760   FAX. (212) 587-4169

ZAFER A. AKIN *
DEREK T. SMITH **

ISMAIL S. SEKENDIZ†

* ADMITTED NY & NJ BARS
** ADMITTED NY, NJ & PA BARS
† ADMITTED NY & ISTANBUL BARS

December 6, 2007

Honorable Judge Hon. Ronald L. Ellis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**RE:   Gallo v. Alitalia, Libutti and Galli         07-6418 (CM)**
        **Lorusso v. Alitalia                              07-3583 (LBS)**

Dear Judge Eillis:

Please note I represent the Plaintiff in the above action *Gallo v. Alitalia, Libutti and Galli*. The above cases were consolidated for discovery purposes.

We have recently served Defendants Pierandrea Galli and Gullio Libutti with a Notice to Take their deposition on December 28, 2007. Both Defendants Galli and Libutti are the ones who, as we contend, unlawfully discriminated against Plaintiff because of Plaintiff's age and retaliated against him because he tried to protect employees from such unlawful discrimination. This occurred while Plaintiff and Defendants Libutti and Galli were employees of Alitalia and all worked at Alitalia's New York office.

Defendants have informed me that they are opposing our Notice to take the deposition of these Defendants in New York, because they now have moved to Italy. It is my understanding that Defendant Galli is still an employee of Alitalia Airlines and that Defendant Libutti is not.

Our facts are analogous to the case of  where the Judge ordered the Canadian employees to come to Chicago to be deposed taking into account Plaintiff's resources and the costs of bringing the lawyers out of the country. As stated:

> "Kasper does not have the resources of a corporation to back him in this endeavor and has only obtained counsel to pursue this matter on a contingency fee basis. Additionally, if the deposition takes place in Canada, Cooper will most likely have to pay the expenses of its Chicago counsel to be present. So, whether its two officers fly to Chicago or it two lawyers fly to Canada, the expenses to Cooper will be approximately the same, if not less with the depositions in Chicago." *Kasper v. Cooper Canada Ltd.*, N.D.Ill.,1988., 120 F.R.D. 58

Likewise, Plaintiff does not have the resources of a corporation to back him and he has obtained this firm only on a contingency basis. To bring to Italy a) the New York attorneys for Alitalia; b) the New York Attorneys for Esther Lo Russo, the plaintiff in the companion case who is also participating in the deposition; c) myself; d) the plaintiff Gallo and e) the plaintiff Lo Russo would all be much greater expense than simply bringing the 2 individual Defendants to New York.

Moreover, defendant is an airline company that travels back and forth between Italy and New York every day. It would be much easier for Defendants to bring them over also given their situation. The Courts have ordered Defendants to come to New York when the Defendant was an airline company:

> Not only do the depositions sought herein involve defendant's only two employees who actually participated in the accident investigation, but, moreover, there has been no showing that any harm would result to defendant's business by virtue of the deponents' brief absence from their jobs. Toho Bussan Kaisha, Ltd. v. American President Lines, 141 F.Supp. 783 (S.D.N.Y.1956). Certainly, the depositions could be scheduled to take place at such a time and in such a way that would be most convenient to both Dundore and Kempa and least disruptive to defendant's everyday business operations. Schultz v. Koninklijki Luchtvaart Maatschappij N.V. KLM Royal Dutch Airlines Holland, 21 F.R.D. 20 (E.D.N.Y.1957). **It would appear that defendant is most able to bear the expense of the trip and, similarly, would be the party most able to obtain the least expensive transportation rates.** See Schultz v. Koninklijke Luchtvaart Maatschappij N.V. KLM Royal Dutch Airlines Holland, supra; Supine v. Compagnie Nationale Air France, 21 F.R.D. 42, 44 (E.D.N.Y.1955). Accordingly, employees Dundore and Kempa are required to appear for the taking of their depositions at the New York office of plaintiff's counsel. *Tomingas v. Douglas Aircraft Co*. 45 F.R.D. 94, *97 (S.D.N.Y.1968) (emphasis added)

Also as held in Mill-Run Tours, Inc. v. Khashoggi 124 F.R.D. 547, *553(S.D.N.Y.,1989),

> **Defendants would be required to attend depositions in forum of action, rather than their residences, where convenience of counsel favored deposition in forum in which all counsel practiced**, residence of witnesses had not been specified or established by affidavit, and degree of acrimony over discovery issues indicated that depositions were likely to generate further disagreement which could be more rapidly resolved if the depositions were held in forum of action. Id. (Emphasis added)

Since all counsel in this case work out of New York and since given the likelihood of issues to be resolved at the deposition, Defendants depositions should take place in New York. **If conducted in Italy, at the deposition, when there is a question that is objected to (and there will be disagreement, I am sure) and we need a ruling on it, we would not be able to contact the court given the time difference.** Litigation efficiency should also favor the deposition in New York.

Accordingly, given

a) the great expenses and burden of flying at least five (5) people (three lawyers and 2 plaintiffs) to Italy compared to the much less burden of flying the 2 individual Defendants to New York;
b) the fact that Defendant is a New York to Italy airline; and
c) the need to have rulings on questions while the court is open

it is respectfully submitted that Deposition of Defendants Galli and Libutti take place in New York.

Thank you for your consideration and time.

Respectfully submitted,

AKIN & SMITH, LLC


Derek T. Smith