**AKIN & SMITH, LLC**
ATTORNEYS AT LAW
SUITE 1101
305 BROADWAY
NEW YORK, NEW YORK 10007
TEL. (212) 587-0760   FAX. (212) 587-4169

ZAFER A. AKIN *
DEREK T. SMITH **
―――――
ISMAIL S. SEKENDIZ†
―――――

\*   Admitted NY & NJ Bars
\*\*  Admitted NY, NJ & PA Bars
†   Admitted NY & Istanbul Bars

January 29, 2008

Honorable Judge Hon. Ronald L. Ellis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**RE:   Gallo v. Alitalia, Libutti and Galli          07-6418 (CM)**

Dear Judge Eillis:

Please note that I represent the Plaintiff in the above action *Gallo v. Alitalia, Libutti and Galli*. I am writing this letter in response to Defendants' letter dated January 25, 2008.

By way of background, Mr. Gallo, the former Managing Director of Alitalia - North America, is suing Alitalia for discrimination against him because of his age, citizenship, perceived sexual orientation, and retaliation. Mr. Gallo was fired, *inter alia*, because he opposed Alitalia's procedure of forcing employees over the age of 50 to accept a "retirement package", and because he himself was 54 years old as well as for "protecting" the gays and lesbians at Alitalia.

The Supreme Court has recognized that for "Title VII plaintiffs", the "liberal discovery rules give plaintiffs broad access to employers' records in an effort to document their claims." *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 658 (1989); see also *Pisacane v. Enichem Am.*, 1996 U.S. Dist. LEXIS 9755\*, at \*11 (SDNY July 12, 1996) (recognizing that "**plaintiffs in employment discrimination actions should be afforded broad and liberal discovery in their attempts to uncover indirect evidence of discrimination**."); *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84-85 (2d Cir. 1990) (recognizing that "because employers rarely leave a paper trail--or "smoking gun"--attesting to a discriminatory intent, disparate treatment plaintiffs must often build their cases from pieces of circumstantial evidence.")

Our interrogatories in dispute are as follows:

INTERROGATORY NO. 1:

What are the names, addresses, ages, and phone numbers of any and all individuals who were offered to participate in any reduction in force, severance agreements for multiple employees, or cessation of employment plan a defendant's place of business from 2002 through the present and why were they offered to participate in said plan? Who accepted the plan? Who did not? Of those who did not, who was fired, for what reason, and when?

In our Amended Complaint, we allege that "On or about December 2003, during a meeting held in New York, Mr. Francesco Mengozzi, the CEO of the Alitalia, directed Plaintiff to make sure, by the same year ending, to terminate at least 50% of Alitalia's North American Division employees, supervisors and managers who were over the age of 50 years, and to replace these "older" workers with younger individuals, not older than "30/32 years of age." Plaintiff was forced to do so by enacting an "Early Retirement Plan" which in reality was an age discrimination plan. The information sought in this interrogatory will permit Plaintiff to prove this allegation. The list provided by Defendants is insufficient as plaintiff should be entitled to all such information.

INTERROGATORY NO. 7:
What are the names, addresses, ages, and phone numbers of all those individuals who worked for Defendant who were over the age of 50 beginning in 2002 through 2007.

Since we are alleging that Alitalia discriminated against employees over the age of 50, Plaintiff should be entitled to interview such employees for evidence of age discrimination. Moreover, an obvious decline in the number of employees over the age of 5o would also support Plaintiff's case.

INTERROGATORY NO. 9:
What are the names, addresses, ages, sexual orientation, and phone numbers of all those employees whom plaintiff was instructed to terminate beginning in 2002 through May of 2006 and why was plaintiff instructed to terminate said employees.

This is not overbroad as it goes to the very heart of the case: That Plaintiff was ordered to fire older and gay employees and that he opposed such a practice. Additionally, plaintiff alleges numerous acts of discrimination prior to September 15, 2005 as evidence of motivation for retaliatory and discriminatory acts after September 15, 2005. As stated in Plaintiff's Amended Complaint: "Other conduct of the defendants, prior to September 15, 2005, merely as evidence of the hostile work environment existing after September 15, 2005, as evidence of Plaintiff's wrongful termination on account of age, disability, citizenship, and perceived sexual orientation, and to demonstrate additional motivation behind all retaliation for Plaintiff opposition, is as follows:"

Moreover, our Document Demands in dispute are as follows:

Request No. 5 & 6:
The complete personnel file(s) of PIERANDREA GALLI…[and] GIULO LIBUTTI… [respectively]

Defendants claim that You Honor already decided on this issue. However, I recall that Your Honor said that I could raise this issue in our dispute letter after the Galli and Libutti depositions. Plaintiff submits that this information is relevant, in that the personnel files, of both GALLI and LIBUTTI, can help demonstrate what defendant Alitalia knew abut the employment practices of defendants GALLI and LIBUTTI.  In addition, the files can demonstrate any specific acts, and/or patterns of harassment, discriminatory practices, and/or retaliation by either defendant.  Also, the files may contain any complaints filed by current or former employees against either defendant for harassment, discriminatory practices, and/or retaliation.  Such information may provide witnesses and evidence that Defendant Alitalia, knew, should have known, or endorsed the discriminatory, harassment and/or retaliatory practices of Defendants GALLI and LIBUTTI.  the information may provide witnesses to, and evidence of the hostile work environment and Plaintiff's wrongful termination on account of age, disability, citizenship, and perceived sexual orientation, and to demonstrate additional motivation behind all retaliation for Plaintiff's opposition.

Finally, it has been recognized, in Title VII discrimination actions, that the personnel files of employees, other than the Plaintiff, generally include relevant information to the actions. *See*, *Aramburu v. Boeing Co.*, 1994 U.S. Dist. LEXIS 20675\* at \*3 (stating, "[p]ersonnel files customarily include attendance and disciplinary records. Such records for employees other than plaintiff…in plaintiff's department, are clearly calculated to lead to the discovery of admissible evidence."  Furthermore, "[w]hile the court recognizes that there may be irrelevant records contained within the files, such possibility does not preclude the production of the files for the examination of records which are relevant." *Id*.; see also *Phillips v. Berlex Labs., Inc.*, 2006 U.S. Dist. LEXIS 27389 (stating "…the standards governing discovery are broad. In a Title VII case, the plaintiff's supervisor's personnel file is discoverable because it may contain information about that person's actions toward the plaintiff employee, among other things, and therefore is reasonably calculated to lead to the discovery of admissible evidence."); *Lyoch v. Anheuser-Busch Cos.*, 164 F.R.D. 62, 68-69 (E.D. Mo. 1995)(finding supervisor's personnel file relevant in age discrimination case because "it may include evidence regarding the manner in which he treated other employees, complaints about his conduct, and actions taken by Defendant in response to such complaints")

Request No. 9:
Any and all correspondence, including inter-office memos, agreements, and all other correspondence addressed to the Plaintiff for the period September 1, 2002 through May 31, 2006

> Response: Defendants object to document request number 9 as not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Plaintiff submits that this information is relevant, in that the requested information may provide witnesses and evidence that will demonstrate, or prove, the plaintiff's allegations of discrimination, harassment and/or retaliation by Defendants. Moreover, the timeframe is relevant as it may prove a pattern of discrimination as well as motivation behind retaliatory actions after September 15, 2005. (please see above)

Request No. 14:
Any and all documents pertaining to any and all lists prepared by any of the Defendants of any and all employees over a certain age for the period September 1, 2002 through May 31, 2006

>    Response: Defendants object to document request number 14 as not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Plaintiff submits that this information is relevant, in that the requested information may provide witnesses and evidence that will demonstrate, or prove, the plaintiff's allegations of discrimination, harassment and/or retaliation by Defendants. Any such lists produced by Defendants would certainly prove a discriminatory intent.

Request No. 15:
Any and all documents or correspondence from Francesco Mengozzi pertaining in any way to any reduction in force, retirement plan, or other plan involving the cessation of multiple employees at defendant's place of business for the period September 1, 2002 through May 31, 2006.

>    Response: Defendants object to document request number 15 as not reasonably calculated to lead to the discovery of relevant or admissible evidence. Mr. Mengozzi left Alitalia prior to June of 2004. Therefore, any documents he authored are outside of the relevant time period as well as outside the 3-year statute of limitations period.

Plaintiff submits that this information is relevant, in that the requested information may provide witnesses and evidence that will demonstrate, or prove, the plaintiff's allegations of discrimination, harassment and/or retaliation by Defendants. It is Plaintiff's opposition to this plan that caused Defendants to fire him in May of 2006. Surely the plan is relevant as it goes directly to the heart of his retaliation claims.

Request No. 17:
Copies of any and all documents pertaining to Defendant's employee pension plan for the period September 1, 2002 through May 31, 2006.

>    Response: Defendants object to document request number 17 as not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Plaintiff submits that this information is relevant, in that any documents relating to a pension plan clearly relate to the allegations that defendants fired any employees over the age of 50, who refused to accept a specific early retirement pension plan, and may provide witnesses and evidence that will demonstrate, or prove, the plaintiff's allegations of discrimination, harassment and/or retaliation by Defendants.

Request No. 20:
Any and all documents which show the ages of employees of Defendants for the period September 1, 2002 through May 31, 2006.

>Response: Defendants object to document request number 20 as not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Plaintiff submits that this information is relevant, in that any documents relating to the ages of employees, clearly relate to the allegations that the defendants practiced age discrimination, and may provide witnesses and evidence that will demonstrate, or prove, the plaintiff's allegations of discrimination, harassment and/or retaliation by Defendants. Any such lists would evidence a discriminatory intent.

Request No. 22:
Any and all DOCUMENTS given to PLAINTIFF by YOU upon Plaintiff's hiring

>Response: Defendants object to document request number 22 as not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Plaintiff submits that this information is relevant, as it would include any employee handbooks, policies, etc. given to the plaintiff upon his hiring. This would certainly bear on Alitalia's attitude towards discrimination, regardless of when it was give to Plaintiff.

Request No. 23:
Any and all DOCUMENTS given to YOU by PLAINTIFF upon Plaintiff's hiring

>Response: Defendants object to document request number 23 as not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Plaintiff submits that this information is relevant, as it would include any resumes, applications, and documents signed by the plaintiff that may support or oppose plaintiff's claims

Request No. 24:
The Plaintiff's complete salary and wage records, payroll records, commission records, fee records, and W-2 forms for every year of employment with DEFENDANTS

>Response: Defendants object to document request number 24 as not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Plaintiff submits that this information is relevant, in that the information requested will allow the plaintiff to properly verify that all W-2 forms received by defendants were given to the plaintiff. These documents will also allow plaintiff to demonstrate the full extent of his lost wages. Moreover, Plaintiff claims he was still an employee after September 15, 2005 while Defendants claim he was a consultant. Any such fee records (or lack thereof) would speak directly to this issue.

Request No. 34:

Any and all DOCUMENTS that RELATE OR PERTAIN TO Defendant's policies regarding health insurance, retirement benefits, sick leave, vacation pay, part-time work, profit-sharing plans and/or other fringe benefits, including, but not limited to, all summary plan descriptions which were applicable to Plaintiff's employment with DEFENDANTS.

Plaintiff also has a cause of action for Breach of Contract. Under said agreement, Defendants were to provide Plaintiff with a "continuation of all employee benefits to which Employee is currently entitled and in which he is currently participating, or payment necessary to privately purchase their equivalents, up to age sixty-five (65)"

Surely, if plaintiff is alleging Defendants Breached this agreement, he is entitled to see to what extent Defendant failed to provide him with any such benefits. This request also goes to Plaintiff's dmages as part of his wrongful termination claim. His benefits were and still are Plaintiff's entitlement. We are entitled to see what these are. It should be noted that Defendants have not provided us with the UNUM policy despite what they mention in their letter.

Request No. 37:
Any and all photographs, negatives, recordings and/or videotapes of PLAINTIFF

> Response: Defendants object to document request number 37 as not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Plaintiff submits that this information is relevant, in that the requested documents may provide witnesses and evidence that will demonstrate, or prove, the plaintiff's allegations of a hostile work environment and Plaintiff's wrongful termination on account of age, disability, citizenship, and perceived sexual orientation, and to demonstrate additional motivation behind all retaliation for Plaintiff's opposition, as well as possibly showing plaintiff's damages. Plaintiff believes he was followed and photographed by defendants and if no such items exist, the Defendants can simply state so.

The information requested in Plaintiff's First Set of Interrogatories and Document Demands is clearly relevant to the case and should undoubtedly be provided by the Defendants. In addition, the Supreme Court has recognized that for "Title VII plaintiffs", the "liberal discovery rules give plaintiffs broad access to employers' records in an effort to document their claims." *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 658 (1989); see also *Pisacane v. Enichem Am.*, 1996 U.S. Dist. LEXIS 9755\*, at \*11 (SDNY July 12, 1996) (recognizing that "plaintiffs in employment discrimination actions should be afforded broad and liberal discovery in their attempts to uncover indirect evidence of discrimination."); *Hollander v. American Cyanamid Co.,* 895 F.2d 80, 84-85 (2d Cir. 1990) (recognizing that "because employers rarely leave a paper trail--or "smoking gun"--attesting to a discriminatory intent, disparate treatment plaintiffs must often build their cases from pieces of circumstantial evidence.")

I strongly believe that we will not be able to properly litigate the Plaintiff's case without the Court's intervention in ordering defendants to produce the above items. Therefore, I respectfully

request your intervention in this matter to compel the disclosure of the requested information by Defendants.

Thank you for your consideration and time.

Respectfully submitted,

AKIN & SMITH, LLC

/s/
Derek T. Smith
CC: Alan Koral, Esq.