UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCESCO GALLO,

               Plaintiff,

        -against-

ALITALIA – LINEE AEREE ITALIANE –
SOCIETA PER AZIONI, PIERANDREA GALLI,
and GIULIO LIBUTTI,

               Defendants.

Case No.  07 CV 06418 (CM)(HP)

**ANSWER TO AMENDED
COMPLAINT**

      DEFENDANTS, Alitalia Linee Aeree Italiane SpA, Pierandrea Galli and Giulio Libutti

(collectively, "Defendants"), answers the above-captioned Amended Complaint, brought against

it by Francesco Gallo ("Mr. Gallo" or "Plaintiff"), as follows, in the same numbered order in

which the allegations set forth in the Amended Complaint appear:

## PARTIES

      1.     Defendants deny the allegations set forth in paragraph 1 of the Amended

Complaint, except admit Plaintiff complains pursuant to the laws of the State of New York and

the Administrative Code of the City of New York and admit that Alitalia is Plaintiff's former

employer.

      2.     Defendants admit the allegations set forth in paragraph 2 of the Amended

Complaint.

      3.     Defendants deny the allegations set forth in paragraph 3 of the Amended

Complaint except admit that Alitalia is a foreign corporation.

      4.     Defendants admit the allegations set forth in paragraph 4 of the Amended

Complaint.

5.      Defendants admit the allegations set forth in paragraph 5 of the Amended Complaint.

6.      Defendants deny the allegations set forth in paragraph 6 of the Amended Complaint

7.      Defendants admit the allegations set forth in paragraph 7 of the Amended Complaint.

8.      Defendants deny the allegations set forth in paragraph 8 of the Amended Complaint.

9.      Defendants admit the allegations set forth in paragraph 9 of the Amended Complaint.

10.      Defendants deny the allegations set forth in paragraph 10 of the Amended Complaint.

11.      Defendants deny the allegations set forth in paragraph 11 of the Amended Complaint.

12.      Defendants deny the allegations set forth in paragraph 12 of the Amended Complaint.

13.      Defendants admit the allegations set forth in paragraph 13 of the Amended Complaint.

14.      Defendants admit the allegations set forth in paragraph 14 of the Amended Complaint.

15.      Defendants admit the allegations set forth in paragraph 15 of the Amended Complaint, except deny that Plaintiff was "purportedly" reassigned as a consultant pursuant to his Severance Agreement.

NEWYORK/#185122.1

16.     Defendants deny the allegations set forth in paragraph 16 of the Amended Complaint, except admit that Plaintiff reported to Libutti shortly after he began working as a consultant.

17.     Defendants deny the allegations set forth in paragraph 17 of the Amended Complaint.

18.     Defendants admit the allegations set forth in paragraph 18 of the Amended Complaint, except deny that Plaintiff's Severance Agreement was "purported" to release Alitalia from all claims up to September 15, 2005.

19.     Defendants deny the allegations set forth in paragraph 19 of the Amended Complaint.

20.     The allegations set forth in paragraph 20 of the Amended Complaint consist of mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

21.     Defendants deny the allegations set forth in paragraph 21 of the Amended Complaint.

22.     Defendants deny the allegations set forth in paragraph 22 of the Amended Complaint.

23.     Defendants deny the allegations set forth in paragraph 23 of the Amended Complaint.

24.     Defendants deny the allegations set forth in paragraph 24 of the Amended Complaint expect deny knowledge or information sufficient to form a belief as to whether Plaintiff suffered from Depression, Anxiety and Coronary Disease.

3

25.     Defendants deny the allegations set forth in paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations set forth in paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations set forth in paragraph 27 of the Amended Complaint except admit that Plaintiff is an American Citizen

28.     Defendants deny the allegations set forth in paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations set forth in paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations set forth in paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations set forth in paragraph 31 of the Amended Complaint.

32.     Defendants deny the allegations set forth in paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations set forth in paragraph 33 of the Amended Complaint.

34.     Defendants deny the allegations set forth in paragraph 34 of the Amended Complaint.

35.     The allegations set forth in paragraph 35 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

NEWYORK/#185122.1

36.     Defendants deny the allegations set forth in paragraph 36 of the Amended Complaint.

37.     Defendants admit the allegations set forth in paragraph 37 of the Amended Complaint.

38.     Defendants admit the allegations set forth in paragraph 38 of the Amended Complaint except deny that Plaintiff's new direct supervisor was Defendant Giulio Libutti.

39.     Defendants deny the allegations set forth in paragraph 39 of the Amended Complaint.

40.     Defendants deny the allegations set forth in paragraph 40 of the Amended Complaint.

41.     Defendants deny the allegations set forth in paragraph 41 of the Amended Complaint.

42.     Defendants deny the allegations set forth in paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations set forth in paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations set forth in paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations set forth in paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegations set forth in paragraph 46 of the Amended Complaint.

NEWYORK/#185122 1

47.    Defendants deny the allegations set forth in paragraph 47 of the Amended Complaint.

48.    Defendants deny the allegations set forth in paragraph 48 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to how Plaintiff may have felt about his coworkers.

49.    Defendants deny the allegations set forth in paragraph 49 of the Amended Complaint.

50.    Defendants deny the allegations set forth in paragraph 50 of the Amended Complaint.

51.    Defendants deny the allegations set forth in paragraph 51 of the Amended Complaint.

52.    Defendants admit the allegations set forth in paragraph 52 of the Amended Complaint.

53.    Defendants deny allegations set forth in paragraph 53 of the Amended Complaint except deny knowledge or information sufficient to form a belief as to whether around April, 2006, Mr. Oksuz was vigorously complaining to Plaintiff that he was being continuously harassed by Libutti and that Plaintiff asked Mr. Oksuz to prepare a letter to Plaintiff regarding his alleged complaints of harassment by Libutti.

54.    Defendants deny the allegations set forth in paragraph 54 of the Amended Complaint.

55.    Defendants deny the allegations set forth in paragraph 55 of the Amended Complaint.

6

56.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations set forth in paragraph 57 of the Amended Complaint, except admit that Galli and Libutti met with plaintiff in his office on or about May 8, 2006.

58.     Defendants deny the allegations set forth in paragraph 58 of the Amended Complaint.

59.     Defendants admit the allegations set forth in paragraph 59 of the Amended Complaint. Further answering, Defendants state that Plaintiff ceased being an employee of Alitalia as of September 15, 2005.

60.     Defendants deny the allegations set forth in paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations set forth in paragraph 61 of the Amended Complaint.

62.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 62 of the Amended Complaint.

63.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 63 of the Amended Complaint, except deny that Oksuz was leaving the Company.

64.     Defendants deny the allegations set forth in paragraph 64 of the Amended Complaint, except admit that Libutti telephoned Plaintiff on or about the third week in June and informed him that Dursen Oksuz had accused Plaintiff of sexual harassment.

NEWYORK/#185122.1

65.    Defendants deny the allegations set forth in paragraph 65 of the Amended Complaint, except admit upon information and belief that in June, 2006, Plaintiff was hospitalized at Presbyterian Hospital.

66.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 66 of the Amended Complaint, except Defendants deny that Libutti made any of the statements to Plaintiff's wife that are attributed to him in this paragraph.

67.    Defendants deny the allegations set forth in paragraph 67 of the Amended Complaint.

68.    Defendants deny the allegations set forth in paragraph 68 of the Amended Complaint.

69.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 69 of the Amended Complaint, except deny that Libutti advertised the Oksuz accusations throughout Alitalia in Italy or at the General Consulate of Italy.

70.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 70 of the Amended Complaint, except deny that Libutti had confidential meetings with Oksuz.

71.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 71 of the Amended Complaint, except deny that any defamatory statements were made to Plaintiff's wife.

72.    Defendants deny the allegations set forth in paragraph 72 of the Amended Complaint.

73.    Defendants admit the allegations set forth in paragraph 73 of the Amended Complaint.

8

NEWYORK/#185122.1

74.    Defendants deny the allegations set forth in paragraph 74 of the Amended Complaint.

75.    Defendants deny the allegations set forth in paragraph 75 of the Amended Complaint.

76.    Defendants deny the allegations set forth in paragraph 76 of the Amended Complaint.

77.    Defendants deny the allegations set forth in paragraph 77 of the Amended Complaint.

78.    Defendants deny the allegations set forth in paragraph 78 of the Amended Complaint.

79.    Defendants deny the allegations set forth in paragraph 79 of the Amended Complaint.

80.    Defendants deny the allegations set forth in paragraph 80 of the Amended Complaint.

81.    Defendants deny the allegations set forth in paragraph 81 of the Amended Complaint.

82.    Defendants deny the allegations set forth in paragraph 82 of the Amended Complaint.

83.    Defendants deny the allegations set forth in paragraph 83 of the Amended Complaint.

84.    Defendants deny the allegations set forth in paragraph 84 of the Amended Complaint.

NEWYORK/#185122.1

85.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations set forth in paragraph 86 of the Amended Complaint.

87.     Defendants deny the allegations set forth in paragraph 87 of the Amended Complaint.

88.     Defendants deny the allegations set forth in paragraph 88 of the Amended Complaint.

89.     Defendants deny the allegations set forth in paragraph 89 of the Amended Complaint.

90.     Defendants deny the allegations set forth in paragraph 90 of the Amended Complaint.

91.     The allegations set forth in paragraph 91 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

92.     Upon information and belief, Defendants admit the allegations set forth in paragraph 92 of the Amended Complaint.

93.     Upon information and belief, Defendants deny the allegations set forth in paragraph 93 of the Amended Complaint.

94.     Upon information and belief, Defendants deny the allegations set forth in paragraph 94 of the Amended Complaint.

95.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 95 of the Amended Complaint.

10

96.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 96 of the Amended Complaint, except deny that Alitalia intended to give Plaintiff a message that he should retire.

97.     Defendants deny knowledge or information of the allegations set forth in paragraph 97 of the Amended Complaint.

98.     Upon information and belief, Defendants admit the allegations set forth in paragraph 98 of the Amended Complaint.

99.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 99 of the Amended Complaint, except admit that responsibilities for the North American territory were split, and except deny that Defendants retaliated against Plaintiff.

100.    Defendants deny knowledge or information of the allegations set forth in paragraph 100 of the Amended Complaint.

101.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 101 of the Amended Complaint.

102.    Defendants deny the allegations set forth in paragraph 102 of the Amended Complaint.

103.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 103 of the Amended Complaint.

104.    Defendants deny the allegations set forth in paragraph 104 of the Amended Complaint.

105.    Defendants admit the allegations set forth in paragraph 105 of the Amended Complaint.

NEWYORK/#185122.1

106.    Defendants admit the allegations set forth in paragraph 106 of the Amended Complaint.

107.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 107 of the Amended Complaint.

108.    Defendants admit the allegations set forth in paragraph 108 of the Amended Complaint, except deny that Mr. Galli and Mr. Libutti are "much younger that Plaintiff."

109.    Defendants admit the allegations set forth in paragraph 109 of the Amended Complaint except deny that Galli told Plaintiff that Plaintiff's former office would be occupied by Mr. Libutti and that he preferred to be near Plaintiff.

110.    Defendants deny the allegations set forth in paragraph 110 of the Amended Complaint.

111.    Defendants deny the allegations set forth in paragraph 111 the Amended Complaint.

112.    Defendants deny the allegations set forth in paragraph 112 the Amended Complaint.

113.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 113 of the Amended Complaint.

114.    Defendants deny the allegations set forth in paragraph 114 of the Amended Complaint.

115.    Defendants deny the allegations set forth in paragraph 115 of the Amended Complaint.

12

116.    Defendants deny the allegations set forth in paragraph 116 of the Amended Complaint, except admit that he signed a Agreement with Alitalia that terminated his employment made him a consultant.

117.    Defendants admit to the allegations set forth in paragraph 117 of the Amended Complaint.

118.    Defendants deny the allegations set forth in paragraph 118 of the Amended Complaint.

119.    The allegations set forth in paragraph 119 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response.  To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

## AS A FIRST CAUSE OF ACTION FOR
## DISCRIMINATION UNDER STATE LAW

120.    Defendants repeats and realleged each and every answer made in the above paragraphs of this Amended Answer.

121.    Defendants admit to the allegations set forth in paragraph 121 of the Amended Complaint.

122.    The allegations set forth in paragraph 122 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response.  To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

123.    The allegations set forth in paragraph 123 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response.  To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

13

124.    The allegations set forth in paragraph 124 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

125.    Defendants repeat and reallege each and every allegation made in the above paragraphs of this Answer.

126.    Defendants admit to the allegations set forth in paragraph 126 of the Amended Complaint.

127.    The allegations set forth in paragraph 127 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

128.    The allegations set forth in paragraph 128 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

129.    Defendants repeat and reallege each and every allegation made in the above paragraphs of this Answer.

130.    Defendants admit to the allegations set forth in paragraph 130 of the Amended Complaint.

131.    The allegations set forth in paragraph 131 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

14

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

132.    Defendants repeat and reallege each and every allegation made in the above paragraphs of this Answer.

133.    Defendants admit to the allegations set forth in paragraph 133 of the Amended Complaint.

134.    The allegations set forth in paragraph 134 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

135.    The allegations set forth in paragraph 135 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

136.    The allegations set forth in paragraph 136 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

137.    Defendants repeat and reallege each and every allegation made in the above paragraphs of this Answer.

138.    Defendants admit to the allegations set forth in paragraph 138 of the Amended Complaint.

139.    The allegations set forth in paragraph 139 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

15

140.    The allegations set forth in paragraph 140 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response.  To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

## AS A sixth CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

141.    Defendants repeat and reallege each and every allegation made in the above paragraphs of this Answer.

142.    Defendants admit to the allegations set forth in paragraph 142 of the Amended Complaint.

143.    The allegations set forth in paragraph 143 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response.  To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

144.    Defendants repeat and reallege each and every allegation made in the above paragraphs of this Answer.

145.    Defendants admit to the allegations set forth in paragraph 145 of the Amended Complaint.

146.    The allegations set forth in paragraph 146 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response.  To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

## AS AN EIGHTH CAUSE OF ACTION
## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

NEWYORK/#185122.1

147.     Defendants repeat and reallege each and every allegation made in the above paragraphs of this Answer.

148.     Defendants deny the allegations set forth in paragraph 148 of the Amended Complaint.

149.     Defendants deny the allegations set forth in paragraph 149 of the Amended Complaint.

150.     The allegations set forth in paragraph 150 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

151.     The allegations set forth in paragraph 151 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

### AS A NINTH CAUSE OF ACTION
### DEFAMATION AND SLANDER AS AGAINST ALITALIA AND LIBUTTI

152.     Defendants repeat and reallege each and every allegation made in the above paragraphs of this Answer.

153.     Defendants deny the allegations set forth in paragraph 153 of the Amended Complaint.

154.     Defendants deny the allegations set forth in paragraph 154 of the Amended Complaint.

155.     The allegations set forth in paragraph 155 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

17

156.    The allegations set forth in paragraph 156 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

157.    The allegations set forth in paragraph 157 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

## AS A TENTH CAUSE OF ACTION
## BREACH OF CONTRACT

158.    Defendants repeat and reallege each and every allegation made in the above paragraphs of this Answer.

159.    Defendants admit the allegations set forth in paragraph 159 of the Amended Complaint.

160.    Defendants admit the allegations set forth in paragraph 160 of the Amended Complaint.

161.    Defendants deny the allegations set forth in paragraph 161 of the Amended Complaint.

162.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 162 of the Amended Complaint.

163.    The allegations set forth in paragraph 163 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

164.    The allegations set forth in paragraph 164 of the Amended Complaint consist of a mere legal conclusion, argument and conjecture, and as such require no response. To the extent, however, that this paragraph contains any factual assertions, Defendants deny the same.

18

## INJURY AND DAMAGES

165.    Defendants deny the allegations set forth in paragraph 165 of the Amended Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief requested.

## FIRST DEFENSE

Upon information and belief, Plaintiff has failed to mitigate his damages.

## SECOND DEFENSE

Plaintiff is not entitled to relief because he has been permanently and totally disabled since May 26, 2006.

## THIRD DEFENSE

Plaintiff is not entitled to relief because he was not an "employee."

## FOURTH DEFENSE

Plaintiff is not entitled to punitive damages because Alitalia had good faith anti-discrimination and anti-harassment policies in place.

## FIFTH DEFENSE

Plaintiff is not entitled to relief for his first seven causes of action because he failed to complain to Alitalia about the discrimination and retaliation alleged in his Amended Complaint.

## SIXTH DEFENSE

Plaintiff has failed to state a claim as to his seventh, eighth, and ninth causes of action.

19

Dated: New York, New York
    September 17, 2007

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.


By: /s/ Alan M. Koral
         Alan M. Koral (AK1503)
         Charles S. Caranicas (CC 9244)

    1633 Broadway – 47th Floor
    New York, New York 10019-7513
    (212) 407-7700

    Attorneys for Defendants
         *Alitalia Linee Aeree Italiane SpA,*
         *Pierandrea Galli* and *Giulio Libutti*

20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCESCO GALLO,

                    Plaintiff,

          -against-                                    Case No.  07 CV 06418 (CM)(HP)

ALITALIA – LINEE AEREE ITALIANE –
SOCIETA PER AZIONI, PIERANDREA GALLI,          **AFFIDAVIT OF SERVICE**
and GIULIO LIBUTTI,

                    Defendants.

**STATE OF NEW YORK    )**
                                      **) ss.:**
**COUNTY OF NEW YORK )**

        Charles Caranicas, being duly sworn, deposes and says:

        1.        I am over the age of eighteen years and not a party to this action, and reside in
Brooklyn, New York.

        2.        On September 17, 2007, I caused the within **ANSWER TO AMENDED
COMPLAINT** to be served on plaintiff by causing a true copy of same, enclosed in an envelope
addressed as shown below, to be delivered by overnight courier service to:

                    Derek T. Smith, Esq.
                    Akin & Smith, LLC
                    305 Broadway, Suite 1101
                    New York, New York  10007
                    Attorney for Plaintiff *Francesco Gallo*

                    _____
                                        Charles Caranicas

Sworn to and subscribed before me
this 17th day of September, 2007

_____
          Notary Public

NANCY J. NEUBAUER
Notary Public, State of New York
No. 01NE5041602
Qualified in New York County
Commission Expires April 10, 2011

NEWYORK/#185279.1