UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCESCO GALLO,

            Plaintiff,

-against-

ALITALIA – LINEE AEREE ITALIANE –
SOCIETA PER AZIONI, PIERANDREA GALLI,
and GIULIO LIBUTTI,

            Defendants.

Case No. 07 CV 06418 (CM) (RLE)

**MEMORANDUM OF LAW OF DEFENDANTS PIERANDREA GALLI AND
GIULIO LIBUTTI IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(b)**

## TABLE OF CONTENTS

Page

STATEMENT OF FACTS ................................................................................................ 1

ARGUMENT ..................................................................................................................... 3

STANDARDS FOR GRANTING SUMMARY JUDGMENT ........................................... 3

POINT I   PLAINTIFF CANNOT ESTABLISH A CLAIM FOR DISCRIMINATORY TERMINATION AGAINST DEFENDANTS GALLI AND LIBUTTI .................................................................... 3

POINT II   PLAINTIFF'S EVIDENCE OF HARASSMENT IS INSUFFICIENT TO SUPPORT ANY HOSTILE ENVIRONMENT CLAIMS ..................... 3

POINT III   PLAINTIFF CANNOT SHOW RETALIATION BY GALLI OR LIBUTTI .......................................................................................... 4

POINT IV   PLAINTIFF'S CLAIMS FOR AIDING AND ABETTING MUST BE DISMISSED BECAUSE HE CANNOT SHOW DISCRIMINATION OR RETALIATION AGAINST ALITALIA ................................................. 5

POINT V   PLAINTIFF'S CLAIM FOR COERCION AND INTIMIDATION MUST BE DISMISSED BECAUSE IT IS NOT A RECOGNIZED CAUSE OF ACTION ............................................................................................ 6

POINT VI   PLAINTIFF'S NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS MUST BE DISMISSED BECAUSE HE CANNOT SHOW ANY EXTREME OR OUTRAGEOUS CONDUCT BY EITHER GALLI OR LIBUTTI ..................................... 7

POINT VII   PLAINTIFF'S NINTH CAUSE OF ACTION FOR DEFAMATION MUST BE DISMISSED AS AGAINST LIBUTTI BECAUSE PLAINTIFF CAN PROVIDE NO EVIDENCE SUFFICIENT TO SUPPORT HIS CLAIM ................................................................................................. 7

POINT VIII   PLAINTIFF'S CAUSE OF ACTION FOR BREACH OF CONTRACT CAN ONLY BE BROUGHT AGAINST ALITALIA AND MUST BE DISMISSED AS AGAINST DEFENDANTS GALLI AND LIBUTTI ................ 9

CONCLUSION ................................................................................................ 10

i

# TABLE OF AUTHORITIES

Page

**CASES**

Brian v. Richardson, 87 N.Y.2d 46, 660 N.E.2d 1126, 637 N.Y.S.2d 347 (1995) .......................... 8

DeWitt v. Lieberman, 48 F.Supp.2d 280 n.10 (S.D.N.Y. 1999) ................................................... 6

ESI, Inc. v. Coastal Corp., 61 F.Supp.2d 35 (S.D.N.Y. 1999) ...................................................... 9

Feingold v. New York, 366 F.3d 138 (2d Cir. 2004) ..................................................................... 5

Foster v. Churchill, 87 N.Y.2d 744, 665 N.E.2d 153, 642 N.Y.S.2d 583 (1996) ........................... 8

Freihofer v. Hearst Corp., 65 N.Y.2d 135, 480 N.E.2d 349, 490 N.Y.S.2d 735 (1985) ................ 7

Lewittes v. Cohen, 2004 U.S. Dist. LEXIS 9467, *10 (S.D.N.Y. 2004) ....................................... 8

Matherson v. Marchello, 100 A.D.2d 233, 473 N.Y.S.2d 998 (2d Dep't. 1984) ........................... 8

Meloff v. New York Life Ins. Co., 240 F.3d 138 (2d Cir. 2001) ................................................... 8

Murphy v. ERA United Realty, 251 A.D.2d 469, 674 N.Y.S.2d 415 (2d Dep't 1998) ................... 6

Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 118 S.Ct. 998,
    140 L.Ed.2d 201 (1998) ............................................................................................................ 4

Patane v. Clark, 508 F.3d 106 (2d Cir. 2007) ................................................................................ 5

Smalls v. Allstate Ins. Co., 396 F.Supp.2d 364 (S.D.N.Y. 2005) .................................................. 4

Ward v. Klein, 10 Misc.3d 648, 809 N.Y.S.2d 828 (Sup.Ct. N.Y.Co. 2005) ................................ 9

Yucyco, Inc. v. Republic of Slovenia, 984 F.Supp. 209 (S.D.N.Y. 1997) .................................... 9

**STATUTES**

New York City Human Rights Law, §8-107 (6) ....................................................................... 5, 6

New York State Human Rights Law, §296 (6) ......................................................................... 5, 6

**RULES**

Civil Practice Law Rules § 215[3] ................................................................................................ 9

Federal Rule of Civil Procedure 56(b) .......................................................................................... 1

Defendants Pierandrea Galli ("Galli") and Giulio Libutti ("Libutti") (collectively, the "Individual Defendants"), by their attorneys, Vedder Price P.C., submit this memorandum of law pursuant to Federal Rule of Civil Procedure ("FRCP") 56(b) in support of their Motion for Summary Judgment on all of the causes of action set forth in the Amended Complaint ("Am. Cplt.") of plaintiff, Francesco Gallo ("Gallo" or "Plaintiff"). While for the most part the Memorandum of Law submitted on behalf of codefendant Alitalia Linee Aeree Italiane, S.p.A. ("Alitalia") sufficiently addresses the reasons why the Amended Complaint should be dismissed as to all defendants, there are reasons as to some of Plaintiff's claims that are peculiar to the Individual Defendants, and those are addressed herein. (The Individual Defendants will not trouble the Court with repetition of arguments made by Alitalia, but rather will reference Alitalia's Memorandum ("Alitalia MOL") as appropriate.)

The Individual Defendants' motion is based on Plaintiff's inability to produce evidence sufficient to raise an issue of material fact with respect to his claims of discrimination or retaliation against the Individual Defendants, aiding and abetting said discrimination or retaliation under State or City law, defamation (as against Libutti), negligent and intentional infliction of emotional distress, and breach of contract. A copy of the Amended Complaint is attached to the accompanying Notice of Motion as Exhibit 1. Defendants' Answer thereto is attached as Exhibit 2.

## STATEMENT OF FACTS

The Individual Defendants adopt the Statement of Facts in Alitalia's MOL. The only additional facts peculiar to the Individual Defendants is as follows:

Neither Galli nor Libutti was consulted about or involved in making the decision to terminate Plaintiff's consulting services (Facts, ¶ 18).

On June 5, 2006, an attorney for former Alitalia employee Dursun Oksuz sent a letter to Alitalia's General Counsel, Leopoldo Conforti, alleging that a senior corporate official had sexually harassed Mr. Oksuz (Facts, ¶ 51). On June 7, 2006, Alitalia's outside counsel in New York responded by letter, suggesting a telephone conversation to learn the details of Mr. Oksuz's allegations (Facts, ¶ 52). That conversation subsequently occurred and its contents—accusing Plaintiff of having seduced and thereafter engaged in frequent anal intercourse with Mr. Oksuz (and a third Alitalia employee), of harassing him at work and of abusing his authority by giving Mr. Oksuz a big promotion so that he would not leave Alitalia and their sexual relations could continue (Facts, ¶ 53)—were affirmed in a letter hand delivered to Alitalia's attorney on June 14, 2006, from Mr. Oksuz's counsel, to which was attached copies of what purported to be instant messages and e-mails between Mr. Oksuz and Plaintiff (and the third employee involved) containing explicit romantic and sexual expressions (Facts, ¶ 54). Soon thereafter, at Libutti's urging, Plaintiff met with Alitalia's counsel, who discussed Mr. Oksuz's allegations against him and gave him a copy of the letter (Facts, ¶ 55).

When Gallo began telling his wife about the allegations, he discovered that she knew about the allegations before he did because Libutti had already told her about them (Facts, ¶ 56). Plaintiff testified that Libutti told Plaintiff's wife that Plaintiff had been accused by Mr. Oksuz of having had an ongoing homosexual affair with Mr. Oksuz (*Id*).

On June 16, 2006, Mr. Oksuz filed a sworn charge with the EEOC setting forth substantially the same allegations his attorney had communicated to Alitalia's counsel in their telephone conversation (Facts, ¶ 57).

2

# ARGUMENT

## STANDARDS FOR GRANTING SUMMARY JUDGMENT

Please refer to Alitalia's MOL (p. 5) setting forth the applicable standards for granting summary judgment.

## POINT I

### PLAINTIFF CANNOT ESTABLISH A CLAIM FOR DISCRIMINATORY TERMINATION AGAINST DEFENDANTS GALLI AND LIBUTTI

For the same reasons argued in Alitalia's MOL (at POINT I), Plaintiff cannot establish a claim of discriminatory termination against defendants Galli or Libutti.

Even if some question of material fact could rescue one or more of Plaintiff's claims for discriminatory termination as against Alitalia, those claims must fail as against the Individual Defendants because neither Galli nor Libutti was involved in the decision to discontinue Plaintiff's consulting services and not to renew his consulting agreement when it was to expire approximately ten months later (Facts, ¶ 18). That decision was made by high officials in Rome based upon a report from Alitalia's internal auditors and neither Galli nor Libutti was even consulted about those decisions (Facts, ¶¶ 15, 16).

## POINT II

### PLAINTIFF'S EVIDENCE OF HARASSMENT IS INSUFFICIENT TO SUPPORT ANY HOSTILE ENVIRONMENT CLAIMS

For the reasons argued in Alitalia's MOL (at POINT II), Plaintiff cannot establish a hostile environment claim against either Individual Defendant. The isolated and scattered nature of the comments attributed to them with respect to Plaintiff's age, his (perceived) sexual orientation or his disability do not rise to a sufficiently "severe or pervasive" level to state a claim.

NEWYORK/#194733.1

With respect to defendant Galli, the alleged scattered comments are indeed few and scattered (Facts, ¶¶ 38, 39, 40), and Plaintiff concedes that he did not complain about Galli's alleged comments to anyone (Facts, ¶ 46).

With respect to defendant Libutti, the alleged comments were also not sufficiently severe or pervasive to establish a hostile environment claim (Facts, ¶¶ 34, 35, 37). Plaintiff also alleges two physical confrontations with Libutti from which he walked away unharmed (Facts, ¶ 43). However, Libutti has categorically denied any such incidents (*Id*) and Plaintiff has provided no evidence to the contrary—including even his own testimony. Moreover, Plaintiff alleges that, during one of those confrontations, Libutti went on a tirade, stating that he is a Fascist who hates "gays, lesbians, Jews and all these f***ing American attorneys." (*Id*). Even if true, these comments cannot have been directed at Plaintiff, as he is neither gay, lesbian, Jewish nor an American attorney.[1] Anti-discrimination laws "are not 'a general civility code,' and they do 'not prohibit all verbal or physical harassment in the workplace. . . .'" *Smalls v. Allstate Ins. Co.*, 396 F.Supp.2d 364, 372 (S.D.N.Y. 2005) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81, 118 S.Ct. 998, 1002, 140 L.Ed.2d 201 (1998)).

Accordingly, Plaintiff's discrimination claims, to the extent they are based on a hostile environment, should be dismissed against both Individual Defendants.

## POINT III

### PLAINTIFF CANNOT SHOW RETALIATION BY GALLI OR LIBUTTI

For all the reasons that Plaintiff's retaliation claims against Alitalia must be dismissed, they must also be dismissed as against the Individual Defendants (*see* Alitalia MOL, POINT III).

---

[1] Libutti testified that he never believed that Plaintiff was homosexual (Facts, ¶ 36), and there is no evidence to the contrary, although six witnesses were asked whether Libutti made any anti-gay remarks, and all denied it (Facts, ¶ 42).

4

NEWYORK/#194733.1

Plaintiff cannot provide any evidence that his consultancy was terminated by the Individual Defendants in the first place, or that any action by the Individual Defendants was an "employment action disadvantaging" Plaintiff. *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007). As Plaintiff cannot produce evidence sufficient to make out a *prima facie* case, the Individual Defendants need not even address the step of articulating a legitimate non-discriminatory reason for terminating Plaintiff's consulting agreement or showing that the reason is not a pretext for discrimination.

Nothing at all is alleged against Galli that could possibly be construed as retaliatory conduct related to any supposed protected activity in which Plaintiff says he was engaged (*See* Alitalia's MOL, POINT III, B., showing that Plaintiff did not engage in protected activity). As for the allegations of two physical confrontations between Plaintiff and Libutti (Facts, ¶ 43), neither is an "employment action disadvantaging" Plaintiff. *Patane, supra*, at 115. Accordingly, Plaintiff's retaliation claims must be dismissed as against the Individual Defendants.

## POINT IV

### PLAINTIFF'S CLAIMS FOR AIDING AND ABETTING MUST BE DISMISSED BECAUSE HE CANNOT SHOW DISCRIMINATION OR RETALIATION AGAINST ALITALIA

### (THIRD and SIXTH CAUSES)

The New York State Human Rights Law ("NYSHRL"), §296 (6) permits Plaintiff to show that Galli and Libutti are individually liable for aiding and abetting Alitalia's alleged discrimination or retaliation, as does the New York City Human Rights Law ("NYCHRL"), §8-107 (6).[2] However, as shown in Alitalia's MOL (POINTS I, II, III), Plaintiff cannot establish

---

[2] Claims for aiding and abetting under the NYSHRL and the NYCHRL are analyzed in the same manner, because the wording in their respective aiding and abetting provisions is "virtually identical." *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004); *DeWitt v. Lieberman*, 48

(continued…)

5

facts sufficient to show that Alitalia has any liability for discrimination or retaliation. "It is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting." *DeWitt*, 48 F.Supp.2d at 293; *Murphy v. ERA United Realty*, 251 A.D.2d 469, 472, 674 N.Y.S.2d 415, 417 (2d Dep't 1998). Therefore, because the uncontroverted evidence shows that no claims for discrimination or retaliation can prevail against Alitalia, the Individual Defendants cannot be held liable for aiding and abetting a non-violation. Accordingly, Plaintiff's causes of action against the Individual Defendants for aiding and abetting must be dismissed.

Even if liability for discrimination or retaliation against Alitalia could be found under the NYSHRL or the NYCHRL, Plaintiff's aiding and abetting Causes should nevertheless be dismissed as against the Individual Defendants to the extent that such liability is based upon the decision to dispense with Plaintiff's consulting services because neither had anything to do with that decision (Facts, ¶ 18). And as no finding against Alitalia could possibly rest on any alleged activities of Galli, the aiding and abetting claim against him should be categorically dismissed.

## POINT V

## PLAINTIFF'S CLAIM FOR COERCION AND INTIMIDATION MUST BE DISMISSED BECAUSE IT IS NOT A RECOGNIZED CAUSE OF ACTION

As set forth in Alitalia's MOL (POINT V), Plaintiff's claim for coercion and intimidation is not a recognized cause of action and must be dismissed as against all defendants.

---

(...continued)
F.Supp.2d 280, 293 n.10 (S.D.N.Y. 1999). Thus, if Plaintiff's aiding and abetting claim under the NYSHRL is dismissed, his claim under the NYCHRL must also be dismissed. *Id.*

## POINT VI

### PLAINTIFF'S NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS MUST BE DISMISSED BECAUSE HE CANNOT SHOW ANY EXTREME OR OUTRAGEOUS CONDUCT BY EITHER GALLI OR LIBUTTI

"The tort of intentional infliction of emotional distress predicates liability on the basis of extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society." *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 143, 480 N.E.2d 349, 490 N.Y.S.2d 735 (1985). None of Plaintiff's evidence against either Galli or Libutti rises to the level of extreme and outrageous conduct which would support a claim of either intentional or negligent infliction of emotional distress against them (*see* Alitalia's MOL, POINT VI, B.).

There are no specific allegations against Galli that could establish a contrary result. With respect to the allegation of two physical confrontations between Plaintiff and defendant Libutti, they are unsupported by any evidence in the record—especially in the face of Libutti's categorical denial that he ever touched Plaintiff (Facts, ¶ 43). In any event, even these alleged incidents, from which Plaintiff walked away and in which he does not claim that he was harmed, do not rise to a sufficiently extreme and outrageous level to support an intentional infliction of emotional distress claim. Plaintiff's claims for negligent infliction of emotional distress are barred as against the Individual Defendants by the New York Workers Compensation Law, as discussed in Alitalia MOL, POINT VI, B.

## POINT VII

### PLAINTIFF'S NINTH CAUSE OF ACTION FOR DEFAMATION MUST BE DISMISSED AS AGAINST LIBUTTI BECAUSE PLAINTIFF CAN PROVIDE NO EVIDENCE SUFFICIENT TO SUPPORT HIS CLAIM

The essence of the tort of libel "is the publication of a statement about an individual that is both false and defamatory." *Brian v. Richardson*, 87 N.Y.2d 46, 51, 660 N.E.2d 1126, 1129,

7

637 N.Y.S.2d 347, 350 (1995). Plaintiff alleges defamation against Alitalia and Libutti only (Am. Cplt., ¶¶ 152-157). Following the termination of his consulting services, Plaintiff was accused of sexual harassment by a young man (Dursun Oksuz) whom he had mentored and promoted (*see* Statement of Facts, herein). Soon thereafter, at Libutti's urging, Plaintiff met with outside counsel, who discussed Mr. Oksuz's allegations against him and gave him a copy of the attorney's letter (Facts, ¶ 55).

When Gallo began telling his wife about the allegations, he learned that she knew about the allegations before he did because Libutti had already told her about them (Facts, ¶ 56). Plaintiff testified that Libutti told Plaintiff's wife that Plaintiff had been accused of having had an ongoing homosexual affair with Oksuz (*Id*). That Oksuz accused Plaintiff of initiating and persisting in this conduct is undisputed. Truth is a complete defense to a defamation claim. *Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 146 (2d Cir. 2001).

Moreover, to state a claim for defamation under New York law, Plaintiff must show "the making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society." *Foster v. Churchill*, 87 N.Y.2d 744, 751, 665 N.E.2d 153, 642 N.Y.S.2d 583, 587 (1996). In New York in the 21st Century, with openly homosexual individuals in prominent positions in the worlds of politics, entertainment, business and other areas, an accusation of homosexuality does not meet this standard. While some New York Courts have held that an accusation of homosexuality qualifies as defamation *per se*, e.g., *Matherson v. Marchello*, 100 A.D.2d 233, 473 N.Y.S.2d 998, 1005 (2d Dep't. 1984), this Court has questioned these precedents because of "welcome shifts in social perceptions of homosexuality." *Lewittes v. Cohen*, 2004 U.S. Dist. LEXIS 9467, *10 (S.D.N.Y. 2004)

8

(Exhibit A hereto). "[C]hanging social mores could affect how certain sexual conduct is viewed by the community, and that what was defamatory per se at one time may no longer be the case." *Ward v. Klein*, 10 Misc.3d 648, 809 N.Y.S.2d 828, 832 (Sup.Ct. N.Y.Co. 2005).

Finally, On June 20, 2006, feeling suicidal, Plaintiff met with a psychiatrist who insisted that he immediately check into the Payne Whitney Clinic (Facts, ¶ 60), where he received treatment for about ten days, after which Plaintiff regularly met with another Psychiatrist—Dr. Stein—and participated daily in an outpatient clinic (*Id*). Plaintiff concedes that Libutti's alleged telephone call to his wife almost certainly occurred before he entered the Payne Whitney psychiatric clinic (on June 20, 2006) (*Id*). Plaintiff's defamation claim is therefore barred by the applicable statute of limitations as Plaintiff cannot show that Libutti's alleged communications to Plaintiff's wife were made within the year prior to the filing of Plaintiff's initial complaint. CPLR § 215[3]. As Libutti's alleged communication is true, because it was not defamatory and because Plaintiff cannot show that it was made within a year of the filing of his original complaint on this matter, Libutti (and also Alitalia) should have summary judgment on this Cause of Action.

## POINT VIII

### PLAINTIFF'S CAUSE OF ACTION FOR BREACH OF CONTRACT CAN ONLY BE BROUGHT AGAINST ALITALIA AND MUST BE DISMISSED AS AGAINST DEFENDANTS GALLI AND LIBUTTI

Under New York law, "a non-signatory to a contract cannot be named as a defendant in a breach of contract action unless it has thereafter assumed or been assigned the contract." *Yucyco, Inc. v. Republic of Slovenia*, 984 F.Supp. 209, 216 (S.D.N.Y. 1997); *see also ESI, Inc. v. Coastal Corp.*, 61 F.Supp.2d 35, 73 (S.D.N.Y. 1999). Neither Galli nor Libutti was a party to Plaintiff's Severance Agreement. Accordingly, Plaintiff's Tenth Cause of Action for Breach of Contract must be dismissed as against the Individual Defendants.

9

## **CONCLUSION**

For the foregoing reasons, defendants Pierandrea Galli and Giulio Libutti respectfully request that this Court grant an Order of summary judgment in their favor on the grounds that Plaintiff fails to state a claim against them, and for such further relief as the Court may deem just and proper.

Dated: New York, New York  VEDDER PRICE P.C.
      April 28, 2008

                                            By:  /s/   Alan M. Koral
                                                    Alan M. Koral (AK 1503)
                                                    Charles S. Caranicas (CC 9244)

                                        Attorneys for Defendants
                                        *Pierandrea Galli* and *Giulio Libutti*

                                        1633 Broadway – 47th Floor
                                        New York, New York 10019
                                        (212) 407-7700