Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTER LORUSSO,

Plaintiff,

-against-

ALITALIA–LINEE AEREE ITALIANE SpA,

Defendant.

Case No. 07 CV 3583 (LBS)(RLE)

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Alitalia Linee Aeree Italiane SpA ("Alitalia" or "Defendant"), by its attorneys, Vedder, Price, Kaufman & Kammholz, P.C., hereby responds to plaintiff Ester Lorusso's ("Lorusso" or "Plaintiff") Second Set of Interrogatories (the "Interrogatories").

## GENERAL OBJECTIONS

The following general objections to the Interrogatories (the "General Objections") apply to and are incorporated in each of the specific responses set forth below:

1       Defendant objects to Plaintiff's Interrogatories to the extent that they seek documents or information already produced as part of Defendant's Initial Disclosures or in response to Plaintiff's previous document requests or interrogatories.

2.      Defendant objects to Plaintiff's Interrogatories to the extent that they seek documents or information that are outside the permissible scope of discovery or seek to impose obligations upon Defendant that are greater than or different from those imposed by the Federal Rules of Civil Procedure or this Court's Local Civil Rules (General Instruction numbers 1, 2, 4, 5, 9 and 10).

1

3.      Defendant objects to Plaintiff's Interrogatories to the extent that they seek documents or information "from the date Plaintiff first applied for a position as an employee of Defendant" (General Instruction number 11).  Defendant will respond to these Interrogatories, except where otherwise expressly stated, from January 1, 2004 to the present (the "relevant time period").

4.      In responding to the Interrogatories, Defendant does not concede and expressly reserves its right to object to the relevance, materiality or admissibility of any of the information sought by the Interrogatories, and does not waive any objection it may be entitled to assert to the relevance, materiality and/or admissibility as evidence or for any other purpose of any such information at any trial, hearing or other proceeding in this action or any other action.

## OBJECTIONS TO DEFINITIONS

1.      Defendant objects to Definition 2 ("Defendant") as overbroad and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant will respond on behalf of itself and its predecessors only.

2.      Defendant objects to Definition 3 ("Employee") as overbroad and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant will respond only with respect to individuals who have been regular employees of Alitalia during the relevant time period, except that Defendant will also respond, if appropriate, with respect to Francesco Gallo, who became a consultant on September 15, 2005.

3.      Defendant objects to Definition 5 ("Document") to the extent that that definition deviates in any way from the definition of that term in Local Civil Rule 26.3.

2

4.     Defendant objects to Definition 6 ("Personnel File(s)") as overbroad, vague and ambiguous and not reasonably calculated to lead to the production of admissible evidence. Defendant will produce its official personnel file in response to any request for personnel files as to which it agrees to produce documents.

5.     Defendant objects to Definition 8 ("Concerning") to the extent that that definition deviates in any way from the definition of that term in Local Civil Rule 26.3.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:** Please provide information about the number of employees in Alitalia's New York office in 2003, 2004, 2005, 2006 and 2007.

**ANSWER TO INTERROGATORY NO. 1:**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous. Defendant further objects to this interrogatory on the grounds of temporal overbreadth, to the extent that it seeks information pertaining to the year 2003. Notwithstanding, subject to and without waiving the foregoing and the General Objections, Defendant refers Plaintiff to the attached Exhibit A and states that the information therein was gleaned from payroll records maintained by Alitalia.

**INTERROGATORY NO. 2:** Please provide information about the name, age, title, gender and indication of hire and/or termination date of employees in Alitalia's New York office who were hired and/or terminated from 2003 through 2007.

**ANSWER TO INTERROGATORY NO. 2:**

Defendant objects to this request as duplicative of Plaintiff's First Set of Interrogatories, Interrogatory No. 1, to the extent that it seeks documents reflecting "the name, age, title... and indication of... termination date" of employees in Alitalia's New York office who were terminated from 2004 through 2007. Defendant further objects to this interrogatory on the

3

grounds of temporal overbreadth, to the extent that it seeks information pertaining to the year

2003. Defendant also objects to this interrogatory as not reasonably calculated to lead to the

discovery of relevant or admissible evidence to the extent that it seeks the hire date of employees

not hired during the years specified or the termination date of employees not terminated during

the years specified. Notwithstanding, subject to and without waiving the foregoing and the

General Objections, Defendant refers Plaintiff to its previously-served Responses to Plaintiff's

First Set of Interrogatories, Interrogatory No. 1 and to the attached Schedules B and C, and states

that the information therein was gleaned from payroll records maintained by Alitalia.


Dated: April 21, 2008

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.

By: _____
          Alan M. Koral (AK 1503)
          Daniel C. Green (DG 0057)


          1633 Broadway, 47th Floor
          New York, New York 10019-6771
          (212) 407-7700
          *Attorneys for Defendant*
          *Alitalia, Linee Aeree Italiane SpA*

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTER LORUSSO,

                    Plaintiff,

                -against-

ALITALIA–LINEE AEREE ITALIANE SpA,

                  Defendant.

Case No. 07 CV 3583 (LBS)(RLE)

## VERIFICATION

| STATE OF NEW YORK | ) | |
| | ) | ss.: |
| COUNTY OF NEW YORK | ) | |

Angela Ross, being duly sworn, deposes and says:

    I have, since 1999, served as Manager, Compensation and Benefits for the United States operations of Alitalia Linee Aeree Italiane SpA ("Alitalia"), defendant in the captioned action. I have read the foregoing Response of Alitalia to Plaintiff's Second Set of Interrogatories and know the contents thereof, and the same are true to my own knowledge except as to those matters stated upon information and belief, and as to those matters I believe them to be true.

_____
Angela Ross

Sworn to and subscribed before me
This _22_ day of April 2008

_____
Notary Public

DOMINICK CHIULLI
Notary Public, State of New York
No. 30-4782788-Nassau County
Commission Expires Dec. 31, 16. 2009

5

| Schedule A: Number of Employees in Alitalia's New York Office | |
|---|---|
| **DATE** | **NUMBER OF EMPLOYEES** |
| December 31, 2003 | 130 |
| December 31, 2004 | 111 |
| December 31, 2005 | 75 |
| December 31, 2006 | 58 |
| December 31, 2007 | 48 |

**Schedule B: Name and Sex of Employees Terminated in Alitalia's New York Office Between January 1, 2004 and December 31, 2007**

| NAME | SEX |
|---|---|
| ANGRISANI, K. | F |
| ANTONELLE, L. | F |
| AURICCHIO, M. | F |
| BACKSTROM, P. | M |
| BENTIVEGNA, V. | F |
| BERTOLOTTI, L. | M |
| BESCHLOSS, M. | F |
| BONANNO, I. | F |
| BOULOS, S. | F |
| BRTALIK, G. | M |
| BRUNO, M. | M |
| CARNAZZA, C. | F |
| CASCIANO, B. | F |
| CERRATI, J. | M |
| CHILLEMI, T. | F |
| CIMINO, I. | F |
| CODIGLIA, A. | F |
| COLUCCI, M. | M |
| CORBANESE, A. | M |
| DAGRI, G. | M |
| DE BITETTO, P. | F |
| DE MITTO, C. | F |
| DI CLEMENTE, S. | F |
| DI GIOVANNA, F. | M |
| DI GIROLAMO, L. | M |
| D'ORO, O. | M |
| FALCO, M. | M |
| FAVANO, S. | M |
| FERRARA, V. | M |
| FERRO, J. | M |
| FIORE, A. | F |
| FONTANILLA, R. | M |
| GADALETA, C. | M |
| GALLO, F. | M |
| GARGIULO, G. | M |
| GASPARRO, M. | M |
| GICALA, M. | F |
| GIOVANNELLI, A.M. | F |
| GLICKSON, R. | F |
| GRIGOLO, P. | F |
| GRUPPUSO, F. | F |
| GUIDOTTI, P. | M |
| GUPTA, A. | F |
| HELD, D. | M |
| KRANJAC, E. | F |
| LA CENERE, A. | F |
| LAWRENCE, C. | M |
| LICCIARDELLO, M. | F |
| LOPEZ, E. | M |
| LORUSSO, E. | F |

| | |
|---|---|
| LOTTI, M. | F |
| LOWELL, M. | F |
| MAC DONALD, J. | F |
| MAINENTI, A. | F |
| MANUELIAN, M. | F |
| MANZI, R. | F |
| MARCHESE, M. | M |
| MARIANI, A. | F |
| MARIOTTI, G. | M |
| MARTINELLI, V. | M |
| MARTORI, A. | F |
| MARZELLA, C. | M |
| MASSIE, L. | F |
| MATTIA, J. | M |
| MELI-GRISANZIO, A. | F |
| MICHAEL, S. | M |
| MOLOVIC, T. | F |
| MIRO, R. | F |
| MOELLER, A. | M |
| MURA, S. | M |
| N'DIAYE, L. | M |
| NOTO, G. | M |
| OKSUZ, D. | M |
| OLIVA, F. | M |
| O'NEILL, T. | M |
| ORLANDO, G. | M |
| PACIS, V. | F |
| PAOLANTONIO, S. | F |
| PARADISI, W. | M |
| PASQUALONE, E. | M |
| PATTI, T. | F |
| PERISSI | M |
| PERSICO, D. | F |
| PETRILLO, O. | M |
| PICONE, R. | M |
| PILLONI, A. | M |
| PITANZA, C. | F |
| PREVIDI, L. | F |
| PURPURA, S. | F |
| QUAGLIA, S. | F |
| RACLI, J. | F |
| RAHI, A. | F |
| RASIZZI, C. | M |
| RICHARDS, C. | F |
| RUSSO, A. | M |
| SALLUSTI, G. | M |
| SANGIAMO, R. | F |
| SANTANA, M. | F |
| SAVELLA, N. | M |
| SCIARRINO, F. | F |
| STRINO, P. | M |
| SWINTON, N. | F |
| TAMAYO, C. | F |
| TEDESCO, C. | M |
| TURCHI, C. | F |
| TYBURSKI, J. | F |
| VALENTINO, A. | M |
| VALLS, M. | F |
| VEGA, M. | F |
| VELAZQUEZ, M. | F |
| VILLALTA, E. | F |

| | |
|---|---|
| VISONE, S. | M |
| VOLI, M. | M |
| WENDT, K. | F |
| WULFF, C. | M |
| ZAGARI, A.M. | F |
| ZAZZI, M. | F |

### Schedule C: Name, Title, Date of Hire, Age at Hire and Sex of Employees Hired in Alitalia's New York Office Between January 1, 2004 and December 31, 2007 (Asterisk Indicates Subsequent Termination)

| NAME | TITLE | BIRTH DATE | HIRE DATE | AGE AT HIRE | SEX |
|------|-------|-----------|-----------|-------------|-----|
| Allessio, C. | Sales Planning Assistant | 5/21/1982 | 5/1/2006 | 24 | M |
| Caputo, M. | Executive Assistant | 5/19/1967 | 5/1/2007 | 40 | F |
| Falleroni, S. | Sales Support In-house Analyst | 11/4/1982 | 7/16/2007 | 25 | F |
| Fontanilla, R.* | Business Quality Analyst/CGO | 2/23/1977 | 12/16/2004 | 27 | M |
| Green, D. | Trade Marketing Assistant | 8/29/1984 | 6/16/2006 | 22 | M |
| La Cenere, A.* | Budget & Cost Control Analyst | 12/3/1979 | 1/24/2005 | 26 | F |
| Landini, D. | Director Administration/NAM | 1/30/1970 | 10/16/2006 | 36 | M |
| Miolovic, T.* | Mgr.Employee Relat. & Organiz. Developm. | 8/3/1974 | 4/3/2006 | 32 | F |
| Mura, S.* | Marketing Analyst/CGO | 10/13/1959 | 4/17/2006 | 47 | M |
| Oishi, C. | Corporate Sales Consult. | 7/30/1980 | 9/1/2005 | 25 | M |
| Oksuz, D.* | Cashier | 8/10/1973 | 12/16/2004 | 31 | M |
| Oliva, F.* | Accounts Control Rep. | 11/26/1953 | 5/1/2007 | 54 | F |
| Quaglia, S.* | Statistical Analyst | 9/12/1981 | 6/26/2006 | 25 | F |
| Rahi, A.* | Tariffs Analyst | 4/27/1975 | 6/1/2006 | 31 | F |
| Reyes, N. | Group Desk Rep. | 10/24/1980 | 5/1/2007 | 27 | F |
| Rocha, M. | Customer Relations Rep. | 12/13/1982 | 3/18/2007 | 25 | F |
| Strino, P.* | Director, Regulatory Affairs | 9/13/1975 | 5/1/2007 | 32 | M |
| Ucker, K.* | Marketing Analyst/CGO | 3/21/1977 | 12/1/2004 | 27 | F |
| Valla, M.* | Cash Management Rep. | 8/28/1958 | 6/1/2006 | 48 | F |
| Villalta, E.* | Internet Sales Rep. | 8/10/1979 | 5/1/2006 | 27 | F |
| Wulff, C.* | Corp. Support Unit Rep. | 8/10/1979 | 8/1/2005 | 26 | M |
| Yang, N. | Sales Analyst | 8/2/1975 | 10/1/2007 | 32 | F |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTER LORUSSO,

           Plaintiff,

         -against-

ALITALIA–LINEE AEREE ITALIANE SpA,

           Defendant.

07 CV 3583

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK )

    Tina Fossetta, being duly sworn, deposes and says:

    1.    I am over the age of eighteen years and not a party to this action, and reside in Queens, New York.

    2.    On April 21, 2008, I caused the within **DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** to be served upon plaintiff by causing a true copy of same, enclosed in an envelope addressed as shown below, to be delivered by overnight courier to:

               Robert Ottinger, Esq.
               Carolyn Horan, Esq.
               The Ottinger Firm, P.C.
               19 Fulton Street, Suite 408
               New York, New York  10038
               *Attorneys for Plaintiff Ester Lorusso*

                                                 Tina Fossetta

Sworn to and subscribed before me
this 21st day of April, 2008

_____
Notary Public

                             NANCY J. NEUBAUER
                          Notary Public, State of New York
                          No. 01NE5041602
                          Qualified in New York County
                          Commission Expires April 10, 2224

May ___, 2008

Wachovia Bank, N.A.
Wachovia Wealth Management
50 Main Street, 5th Floor
White Plains, NY 10606

Re:    Garrison Special Opportunities Fund LP ("Borrower") and Garrison Special
       Opportunities GP LLC ("General Partner" and, together with Borrower, the
       "Garrison Entities")

Ladies and Gentlemen:

You have requested our opinion, as special counsel to the Garrison Entities, with respect to certain matters in connection with the following documents, all dated as of today's date (i) that certain Revolving Credit Agreement, (the "Credit Agreement"), between Borrower, and Wachovia Bank National Association ("Lender"), (ii) the Note ("Note"), by Borrower in favor of Lender, (iii) the Guaranty Agreement ("Guaranty"), by Steven S. Stuart and Joseph Tansey in favor of Lender, (iv) the Security Agreement ("Security Agreement"), among Borrower, General Partner and Lender, and (v) the Assignment of Account ("Assignment of Account" and, together with the Credit Agreement, the Note, the Guaranty and the Security Agreement, the "Transaction Documents"), between Borrower and Lender. Unless otherwise noted, capitalized terms used herein and not otherwise defined herein have the meanings set forth in the Credit Agreement.

For the purposes of rendering this opinion, we have examined (i) a copy of the Transaction Documents, (ii) copies of the applicable organizational documents and resolutions of the Garrison Entities (the "Organizational Documents"), (iii) copies of certificates of good standing for the Garrison Entities from the jurisdictions where each such entity was formed or organized (the "Good Standing Certificates"), (iv) an officer's certificate of a duly authorized officer of General Partner, on behalf of General Partner and Borrower, attached hereto as Exhibit A (the "Officer's Certificate") and (v) such other documents, records and papers as we have deemed necessary and relevant as a basis for this opinion.

In making such examination and in rendering the opinions set forth below, we have with your permission assumed and relied upon the accuracy of all factual information set forth in the Transaction Documents, the genuineness of all signatures of parties to the Transaction Documents, the legal capacity of natural persons, the authenticity of all corporate, limited partnership and limited liability company records, certificates, instruments and documents submitted to us as originals and the conformity to authentic original, corporate, limited partnership and limited liability company records, certificates, instruments and documents of all corporate, limited partnership and limited liability company records, certificates, instruments and documents submitted to us as certified, conformed or photostatic copies. We express no opinion as to the applicability to or the effect on the transactions contemplated by the Transaction Documents of any federal or state securities laws or

Wachovia Bank, National Association
Page 2

regulations.  In our examination we also have assumed, with your permission and without independent investigation, that:

        a.     except as set forth in paragraph 1 below, each party to the Transaction Documents is duly organized, validly existing and in good standing under the laws of the jurisdiction of its organization or formation and, except as set forth in paragraph 2 below, each party to the Transaction Documents has all requisite power and authority to execute, deliver and perform its respective obligations under each Transaction Document;

        b.     except as set forth in paragraph 6 below, no consent, approval, authorization, declaration or filing by or with any governmental commission, board or agency is required for such execution, delivery and performance;

        c.     except as set forth in paragraphs 2 and 3 below, each Transaction Document has been duly authorized by all necessary action by the parties thereto, has been duly executed and delivered by such parties, and constitutes a legal, valid and binding obligation of each party to the Transaction Documents, and (subject to the qualifications set forth in paragraph 3(i)-(iv) below) is enforceable against each such party in accordance with its terms;

        d.     fair and adequate consideration giving rise to the obligations set forth in each Transaction Document has been and will be paid, delivered or incurred, as the case may be;

        e.     no provision of the Transaction Documents has been modified, supplemented or waived either by written or oral agreement or by course of conduct between the parties (and we have no actual knowledge inconsistent with such assumption); and

        f.     with respect to the transactions described or contemplated in each Transaction Document, there has been and will be no mutual mistake of fact and there exists and will exist no fraud or duress.

In reaching the conclusions set forth in this opinion, we have not undertaken any independent investigation of the records maintained by the Garrison Entities and as to matters of fact material to our opinions, we have relied upon representations of the Garrison Entities in the Transaction Documents (other than those which are expressed as our opinion which do not relate to factual matters) and on the Officer's Certificate (other than those which are expressed as our opinion which do not relate to factual matters) and of public officials, and we have made no independent inquiry into the accuracy of such representations.  As used in this opinion, references to "our knowledge" and similar phrases are limited solely to the actual knowledge, without independent investigation, of facts or other information, by the lawyers in our firm who represent the Garrison Entities and who are actively involved in the transactions contemplated by the Transaction Documents.  We draw to your attention to the fact that certain lawyers in our firm may (i) represent the Garrison Entities in capacities other than with respect to the transactions contemplated by the Transaction Documents, and (ii) represent other parties involved in the transactions contemplated by the Transaction Documents, either with respect to the transactions contemplated by the Transaction Documents, or otherwise.  Any knowledge obtained by the

14337337.2

Wachovia Bank, National Association
Page 3

lawyers in our firm through the representations described in clauses (i) or (ii) above shall not be imputed to the lawyers in our firm who represent the Garrison Entities and who are actively involved in the transactions contemplated by the Transaction Documents.

Based upon the foregoing, and subject to the limitations set forth below, we are of the opinion that:

       1.    Borrower is a Delaware limited partnership, validly existing and in good standing under the laws of the State of Delaware; General Partner is a Delaware limited liability company, validly existing and in good standing under the laws of the State of Delaware.

       2.    Each of the Garrison Entities has the requisite limited partnership or limited liability company (as applicable) power, authority and legal right under the Organizational Documents to (i) execute and deliver the Transaction Documents to which it is a party, and (ii) to engage in the transactions contemplated by, and observe the terms and conditions of, the Transaction Documents to which it is a party.

       3.    Each of the Garrison Entities has duly executed and delivered the Transaction Documents to which it is a signatory and each Transaction Document with respect to which a Garrison Entity is a party constitutes the legal, valid and binding agreement enforceable in accordance with its terms against such Garrison Entity, subject to (i) applicable bankruptcy, insolvency, fraudulent conveyance, reorganization, moratorium and similar laws affecting creditors' rights and remedies generally, (ii) as to enforceability, general principles of equity, including, without limitation, principles of commercial reasonableness, good faith and fair dealing (regardless of whether enforcement is sought in a proceeding at law or in equity), (iii) public policy considerations underlying securities laws, to the extent that such public policy considerations limit the enforceability of the provisions of the Transaction Documents that purport to provide indemnification from liabilities under applicable securities laws, and (iv) public policy considerations, to the extent that such public policy considerations limit the enforceability of any provisions of the Transaction Documents that purport to provide (a) indemnification, contribution or exculpation in connection with violations of applicable law, statutory duties or public policy, or in connection with willful, reckless or unlawful acts or gross negligence of the indemnified or exculpated party or (b) exculpation of any party in connection with its own negligence the enforcement of which a court would determine in the circumstances to be unfair or contrary to public policy.

       4.    Neither the execution, delivery or performance by the each of the Garrison Entities of the Transaction Documents to which such is a party, nor the consummation by each of the applicable Garrison Entities of any of the transactions contemplated by the terms of the Transaction Documents (i) conflicts with or results in a breach or violation of, or constitutes a default under, the Organizational Documents, or (ii) conflicts with or results in a breach or violation of (A) any law, rule, regulation, or (B) to our knowledge, any order, judgment, writ, injunction or decree of any court or governmental authority having jurisdiction over any Garrison Entity or its assets. No opinion is expressed in this paragraph as to federal and state securities laws.

14337337.2

Wachovia Bank, National Association
Page 4

5.    To our knowledge, there are no legal or governmental actions, investigations or proceedings pending to which any Garrison Entity is a party or overtly threatened against any Garrison Entity (a) asserting the invalidity of the Transaction Documents or (b) which would be reasonably likely to materially and adversely affect the performance by any Garrison Entity of its respective obligations under, or the validity or enforceability of, the Transaction Documents to which each Garrison Entity is a party, against any Garrison Entity.

6.    No consent, approval, authorization or order of, and no filing or registration with, any New York, Delaware or federal court or governmental agency or regulatory body is required on the part of each Garrison Entity for the execution, delivery or performance by each such entity of the Transaction Documents to which it is a party, other than such approvals as have been obtained, any assignments of security interests as reflected in UCC-1 or similar financing statements and assignments of mortgages and other loan documents to be filed or executed in connection with the Transaction Documents.

The opinions expressed herein are limited to the law of the State of New York (with respect to paragraphs 3, 4, 5 and 6 herein), the limited partnership and limited liability company laws of the State of Delaware (with respect to paragraphs 1, 2, 4, 5 and 6 herein), and the federal laws of the United States.

Without limiting the generality of the foregoing, we express no opinion with respect to: (i) the availability of specific performance or other equitable remedies for noncompliance with any of the provisions contained in the Transaction Documents; (ii) the enforceability of provisions contained in the Transaction Documents relating to the effect of laws which may be enacted in the future; (iii) the enforceability of provisions in the Transaction Documents purporting to waive the effect of applicable laws; (iv) the effectiveness of any power-of-attorney given under the Transaction Documents which is intended to bind successors and assigns which have not granted such powers by a power-of-attorney specifically executed by them; (v) provisions that provide for the enforceability of the remaining terms and provisions of the applicable Transaction Document in circumstances in which certain other terms and provisions of such Transaction Document are illegal or unenforceable; (vi) provisions that provide that certain rights or obligations are absolute or unconditional; (vii) provisions related to waivers of remedies (or the delay or omission of enforcement of remedies), disclaimers, liability limitations or limitation on the obligations of the Garrison Entities in circumstances in which a failure of condition or default by any of the Garrison Entities is not material; (viii) the indemnification provisions of the Transaction Documents if and to the extent that such provisions contravene public policy or might require indemnification or payments with respect to any litigation against a party to a Transaction

14337337.2

Wachovia Bank, National Association
Page 5

Document determined adversely to the other party(ies) to such litigation, or any loss, cost or expense rising out of an indemnified party's gross negligence or willful misconduct or any violation by an indemnified party of statutory duties, general principles of equity or public policy; (ix) any self-help provisions; (x) provisions in the Transaction Documents that purport to establish evidentiary standards; (xi) any provision of the Transaction Documents that purports to provide that the terms thereof may not be varied or waived except in writing or that the express terms thereof supersede any inconsistent course of performance and/or usage of the trade; (xii) provisions which restrict access to or waive legal or equitable remedies, or access to the courts; (xiii) any provision that relates to the appointment of a person to receive service of process; or (xiv) any filing of a financing statement which is not filed in accordance with Section 9-509 of the UCC.

The opinions expressed herein are rendered only to those to whom this opinion letter is specifically addressed in connection with the transactions contemplated by the Transaction Documents and, without our express written consent, may not be relied upon, used, quoted, circulated (except in a closing binder, provided that this entire opinion letter is included therein) or otherwise referred to by any other person for any other purpose. This opinion speaks only as of the date hereof. We have no obligation to advise the addressee (or any other party) of changes in the law or facts that may occur after the date of this opinion.

Very truly yours,

14337337.2

## Exhibit A

**GARRISON SPECIAL OPPORTUNITIES FUND LP
GARRISON SPECIAL OPPORTUNITIES GP LLC**

**Officer's Certificate Delivered In Support of the Dechert LLP Legal Opinion
as to Certain Matters Concerning the Credit Agreement and
Other Transaction Documents and Certain Organizational Matters
of the Garrison Entities**

I, the undersigned, the _____ (the "Authorized Officer") of Garrison Special Opportunities GP LLC ("General Partner"), the general partner of Garrison Special Opportunities Fund LP ("Borrower" and together with General Partner, the "Garrison Entities") and do hereby certify on behalf of the Garrison Entities that:

       1.     I have reviewed that certain opinion of Dechert LLP ("you" or "Counsel") as special counsel to the Garrison Entities, dated as of the date hereof, (the "Opinion") attached hereto. Capitalized terms used herein without definition are used as defined in the Opinion.

       2.     In particular, I have reviewed carefully the factual assumptions relating to the Garrison Entities relied on by Counsel as set forth in the Opinion and certify that they are true, correct and complete, without material omission, and consistent with the facts known to the Garrison Entities.

       3.     The Garrison Entities intend to perform the acts which the Opinion states that the Garrison Entities will perform.

       4.     There is no order, judgment, writ, injunction or decree of any court or governmental authority outstanding that names any Garrison Entity or is specifically directed to a Garrison Entity or its properties.

       5.     There are no legal or governmental actions, investigations or proceedings pending to which any Garrison Entity is a party or overtly threatened against any Garrison Entity.

       6.     To the knowledge of the Authorized Officer, as of the date hereof, none of the Garrison Entities have taken any actions toward the dissolution or winding-up of its respective business.

This Certificate is made and delivered by the Authorized Officer to permit you to deliver your Opinion and the Garrison Entities understand that you will rely on it in connection with the Opinion.

[Signature appears on following page]

14337337.2

IN WITNESS WHEREOF, the undersigned Authorized Officer has signed this Certificate as of this _____ day of May, 2008.

By: _____
      Name:
      Title:

14337337.2

May ___, 2008

Wachovia Bank, N.A.
Wachovia Wealth Management
50 Main Street, 5ᵗʰ Floor
White Plains, NY 10606

Re:     Revolving Credit Agreement, dated as of May ___, 2008 (the "Credit
        Agreement"), by and between Garrison Special Opportunities Fund LP
        ("Borrower") and Wachovia Bank, National Association ("Lender").

Ladies and Gentlemen:

        We have acted as special counsel for the Borrower and Garrison Special
Opportunities GP LLC ("General Partner" and together with Borrower, the "Garrison
Entities"), in connection with the Credit Agreement. Capitalized terms used herein which
are not otherwise defined herein shall have the meanings set forth in the Credit Agreement.

        In this capacity, we have examined the following documents:

        (a)      the Credit Agreement;

        (b)      the Note;

        (c)      unfiled copies of the UCC financing statement naming the Borrower, as
debtor, and Lender, as secured party, to be filed with the Secretary of State for the State of
Delaware and unfiled copies of the UCC financing statement naming General Partner as
debtor, and the Lender, as secured party, to be filed with the Secretary of State for the State
of Delaware (such Financing Statements being referred to herein, as, the "Financing
Statements" and such office being referred to herein as the "Filing Office");

        (d)      the Security Agreement; and

        (e)      the Assignment of Account

        The documents described in (a) through (e) are referred to herein collectively as the
"Documents."

        We also have examined such other documents and instruments as we have deemed
necessary to render the opinions hereinafter expressed. In addition, we have obtained and
relied upon such certificates and assurances from public officials as we have deemed
necessary for purposes of expressing the opinions expressed herein. We have made no
independent investigation of any factual matter in connection with this opinion letter.

        In our examination, we have assumed, with your permission and without
independent investigation:

14337342.2.BUSINESS

Wachovia Bank, National Association
Page 2

(a)     that all documents submitted to us as original documents are authentic and that the signatures of all persons signing the Documents and the other documents we have reviewed in connection with this opinion are genuine;

(b)     that all documents submitted to us as copies, whether certified or not, conform to authentic original documents;

(c)     that all parties to the Documents are duly existing and are in good standing in all appropriate jurisdictions, and have full power and authority to execute and deliver the Documents and the documents required or permitted to be delivered thereunder, all such documents have been duly authorized by all necessary actions on the part of such parties and have been duly executed and delivered by such parties, and the Documents constitute legally binding obligations of such parties, enforceable against such parties in accordance with their respective terms;

(d)     that no consent, approval, authorization, declaration or filing by or with any governmental commission, board or agency, other than the filing of the Financing Statements in the Filing Office, is required for the execution, delivery and performance of the Documents by any party thereto;

(e)     that no provision of the Documents which is relevant to the opinions expressed below has been modified, supplemented or waived either by written or oral agreement or by course of conduct between the parties (and we have no actual knowledge inconsistent with such assumption);

(f)     that the truth and accuracy of all representations, warranties, and certifications as to factual matters contained in the Documents; and

(g)     that there has not been any mutual mistake of fact or misunderstanding, fraud, duress or undue influence.

Based upon and subject to the foregoing and to the limitations, qualifications and exceptions set forth at the end of this opinion, we are of the opinion that:

14337342.2.BUSINESS

Wachovia Bank, National Association
Page 3

  1.  The Credit Agreement is effective to create in favor of the Lender a valid security interest under the Uniform Commercial Code ("UCC") as in effect on the date hereof in the State of New York (the "NYUCC") in Borrower's right, title and interest in the Collateral and all proceeds related thereto; the Security Agreement is effective to create in favor of the Lender a valid security interest under the NYUCC in the Garrison Entities' right, title and interest in the Collateral and the Assignment of Account is effective to create in favor of the Lender a valid security interest under the NYUCC in Borrower's right, title and interest in the Subscription Account, as defined in the Assignment of Account, (all such Collateral, Pledged Collateral, the Subscription Account and all proceeds, instruments, negotiable documents, money, and chattel paper related thereto in which security interests can be created under Article 9 of the NYUCC being referred to herein as the "Article 9 Collateral"). For purposes of this opinion, "security interest" has the meaning specified in Section 1-201(37) of the NYUCC.

  2.  Each Financing Statement is in appropriate form for filing in the Filing Office. The Filing Office is the proper place for filing each Financing Statement. Upon the filing and acceptance by the Filing Office of the Financing Statements, the security interest in the Article 9 Collateral will constitute a perfected security interest in all right, title and interest of the Garrison Entities in and to the Article 9 Collateral which can be perfected by such filing.

  The foregoing opinions are subject to the following further qualifications and limitations:

   (i)  In giving the opinions set forth above, we have assumed that the Garrison Entities have taken such action as may be required to acquire rights or to acquire the power to transfer rights in the Article 9 Collateral and has received "value" (as defined in Section 1-201(44) of the NYUCC) from the Lender in exchange for granting a security interest in the Article 9 Collateral.

   (ii)  We have assumed the accuracy and completeness of all information relating to the secured party as set forth in the Financing Statements.

   (iii)  We have not made any investigation of, and do not express an opinion as to, the accuracy of descriptions of any property (whether real, personal or mixed) contained in the Documents.

   (iv)  We have assumed that the conduct of the parties has complied with any requirements of good faith, fair dealing and conscionability.

   (v)  We express no opinion with respect to whether any transaction under the Credit Agreement or the security interest described in paragraph 1 of our opinion is properly characterized as a "true sale" or a secured transaction.

   (vi)  We express no opinion with respect to the security interest of the Lender in any of the following types of property: (a) any option or similar obligation issued by a clearing corporation to its participants; (b) any commodity contract or (c) a leasehold evidenced by a proprietary lease, or either of the foregoing, from a corporation or partnership formed for the purpose of cooperative ownership of real estate.

14337342.2.BUSINESS

Wachovia Bank, National Association
Page 4

       (vii)     We have assumed that the Subscription Account is a "deposit account" as defined in the NYUCC and that Lender, in the ordinary course of its business, maintains deposit accounts for customers and is acting in that capacity.

       (viii)    We have assumed that the agreement establishing the Subscription Account is governed by the laws of the State of New York.

       (ix)     Except as to the opinions set forth in paragraph numbers 1 and 2 above, we express no opinion directly or by implication as to the perfection or priority of any security interest granted by the Garrison Entities.

       (x)     We express no opinion as to the creation, attachment, validity, binding effect, enforceability, perfection, priority or other effect of perfection or non-perfection of any security interest in: (i) the proceeds of any collateral other than in accordance with, and subject to the limitations set forth in, Section 9-315 of the UCC; (ii) commercial tort claims; (iii) rights to demand payment or performance under a letter of credit or (iv) any item of collateral which is subject to restriction on or prohibition against transfer (except to the extent limited by Sections 9-401, 9-406, 9-407, 9-408 or 9-409 of the UCC) contained in an agreement, instrument, document or applicable law governing or evidencing or otherwise relating to such item. In addition, any opinion set forth in this letter concerning the creation or perfection of any security interest does not address the sufficiency to create such security interest of any supergeneric description of collateral, whether in whole or in part, as "personal property" or using words of similar import.

       (xi)     We are members of the Bar of the State of New York and our opinions expressed herein are limited to the laws of the State of New York, except as otherwise expressly set forth herein. As you are aware, we are not licensed to practice law in the state of Delaware and do not purport to be experts in the laws of such state, nor did we review official codifications of the laws of the State of Delaware. We did, however, at your request, review standard compilations of the versions of the Uniform Commercial Code in effect in the state of Delaware and our opinions with respect to the Delaware UCC in paragraph 2 above is based solely on these procedures and not upon any other review of the laws of the state of Delaware, including without limitation, any case law.

       The opinions expressed herein are based on the status of law and facts as of the date hereof and we expressly disclaim any obligation to advise you of any changes therein occurring from and after today's date. This opinion is being delivered to you pursuant to the requirements of the Credit Agreement and may not be relied upon by any other person or entity or for any other purpose. Except for persons that may rely on this opinion as described in the foregoing sentence, copies of this opinion may not be furnished to any other person or entity nor may any portion of this opinion be quoted, circulated or referred to in any other document without our prior written consent.

                             Very truly yours,

14337342.2.BUSINESS