# Exhibit 5

## AGREEMENT

Alitalia Linee Aeree Italiane S.p.A ("Alitalia") and Francesco Gallo, his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Last Day of Regular Employment.** Employee's last day of regular employment with Alitalia will be September 15, 2005.

2. **Consideration.** In consideration for Employee's execution of this Agreement, and Employee's fulfillment of the promises made in this Agreement, Alitalia agrees to pay Employee the following consideration, upon signature of this Agreement: (a) A lump sum incentive payment equal to three hundred thousand dollars gross of taxes ($300,000 USD); (b) A lump sum contribution to Employee's pension in the amount of fifty-four thousand dollars ($54,000 USD); (c) continuation of all employee benefits to which Employee is currently entitled and in which he is currently participating, or payment necessary to privately purchase their equivalents, up to age sixty-five (65). As a result of this Agreement, upon his last day of employment, Employee will not forfeit and will still be entitled to payment for all benefits to which he had vested up through that point, including but not limited to his accrued pension, 401(k) balance, and accrued, unused vacation.

3. **Consultancy.** Beginning with the effective date of this Agreement, Employee will become a Consultant to Alitalia for an initial irrevocable term of eighteen (18) months. The consulting fee due to Employee as a consultant will be at the rate of two hundred thousand dollars ($200,000 USD) per six months, payable at the beginning of each six (6) month period of the term. If at any time during the consultancy Alitalia should determine it no longer requires the services of Consultant, it shall still have the obligation to pay the consulting fee related to the balance of the term then in effect. As a consultant, he will be available to perform all executive-level duties requested by the Senior Vice President North America or any Central structure in Alitalia Headquarters in Rome, Italy. This consultancy will automatically renew for successive eighteen (18) month terms if it is not cancelled by Alitalia within six (6) months before the end of the term in effect at the time. If the consultancy is cancelled by Alitalia in due time, the parties will have the opportunity to negotiate towards a new agreement. In his role as consultant, Employee will be entitled to all employee benefits to which he is currently entitled and in which he is currently participating.

4. **General Release of Claim.** Employee knowingly and voluntarily releases and forever discharges Alitalia, its affiliates, subsidiaries, divisions, successors and assigns and the current and former employees, attorneys, officers, directors and agents thereof, individually and in their corporate capacities (collectively referred to throughout the remainder of this Agreement as "Alitalia"), of and from any and all claims, known and unknown, Employee has or may have against Alitalia as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of: Title VII of the Civil Rights Act of 1964, as amended; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Employee Retirement Income Security Act of 1974, as amended; The Immigration Reform and Control Act, as amended; The Americans with Disabilities Act of 1990, as amended; The Age Discrimination in Employment Act of 1967, as amended; The Workers Adjustment and Retraining Notification Act, as amended; The Occupational Safety and Health Act, as amended; The Family

A 00001

and Medical Leave Act of 1993; The National Labor Relations Act, as amended; The Railway Labor Act, as amended; Any other federal, state or local, civil or human rights law or any other local, state or federal, law, regulation or ordinance; Any public policy, collective bargaining agreement, contract, tort, or common law; or Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

5. **Confidentiality.** Employee agrees not to disclose any information regarding the existence or substance of this Agreement, the discussions concerning the offer provided by Alitalia, and the consideration offered in this Agreement, except to Employee's spouse, tax advisor, and an attorney with whom Employee chooses to consult regarding Employee's consideration of this Agreement.

6. **Governing Law and Interpretation.** This Agreement and General Release shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event either party breaches any provision of this Agreement, Employee and Alitalia affirm that either may institute an action to specifically enforce any term or terms of this Agreement. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Amendment.** This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

8. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement and the Plan.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

_____
FRANCESCO GALLO

Date: September 15, 2005

Alitalia Linee Aeree Italiane, S.p.A.

By: _____
Printed Name: MASSIMO CESTARO
Title: _____

Date: September 15, 2005

2

A 00002