Exhibit 27



June 11, 2007

ALITALIA LINEE AEREE ITALIANE
S.P.A.
LINDA LOPEZ
350 FIFTH AVENUE
SUITE 3700
NEW YORK, NY 10118

Original Recipient

FRANCESCO GALLO
300 EAST 59TH STREET
APT 3205
NEW YORK CITY, NY 10022

RE: Gallo, Francesco          DOB: July 26, 1947
    Claim Number:              3014902
    Policy Number:             566582
    First Unum Life Insurance Company

Dear Sir or Madam:

We are writing regarding the disability claim for Francesco Gallo. This letter copy has been amended to remove confidential information.

After completing our review of your disability claim, we regret that we are unable to approve your request for benefits.

As you may know, your employer's policy states:

**"WHEN DOES YOUR COVERAGE END?**

Your coverage under the policy or a plan ends on the earliest of:

- the date the policy or a plan is cancelled;
- the date you no longer are in an eligible group;
- the date your eligible group is no longer covered;
- the last day of the period for which you made any required contributions; or
- the last day you are in active employment except as provided under the covered layoff or leave of absence provision."

**Eligible Group(s):**

All Active Employees Excluding Pilots, Flight Attendants and Inpatriots in active employment

**Minimum Hours Requirement:**

First Unum Life Insurance Company
The Benefits Center
PO Box 100158
Columbia, SC 29202-3158
Phone: 1-800-858-6843
Fax: 1-800-447-2498
www.unumprovident.com

1242-03


Claimant Name: Gallo, Francesco
Claim Number: 3014902

June 11, 2007
Page 2 of 5

**Full-time employees**
Employees must be working at least 30 hours per week

**Active Employment** means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least the minimum number of hours as described under Eligible Group(s) in each plan.

We obtained and reviewed a copy of your Consulting Agreement that states that your last day of regular employment with Alitalia was September 15, 2005. Under the long term disability policy, you were no longer considered an eligible employee when you became a consultant. Therefore, your coverage under the policy ended as of September 15, 2005.

In an effort to give your claim every consideration, and from conversations with you and your employer, it appeared that there may have been a medical basis for the change in your employment status. Therefore, we continued our evaluation to see if there was medical evidence to support a decrease in functional capacity prior to September 15, 2005.

We received your claim for long term disability benefits on November 13, 2006. On the Attending Physician Statement, signed by Dr. John Caronna on July 18, 2006, Dr. Caronna wrote that you were first unable to work on May 28, 2006. (SPECIFIC MEDICAL INFORMATION OMITTED).

As part of our initial claim review, we requested medical records from Dr. Caronna on November 15, 2006. Dr. Caronna provided us with copies of his office notes for the period of July 19, 2006 through November 28, 2006. We also attempted to contact you to complete an initial telephone interview on November 14, 2006. When we were unable to reach you, we sent you a letter along with a Claimant's Supplemental Statement and Insured Physician/Medication list to complete. You returned the completed forms to us on December 6, 2006. On the Physician/Medication form, you provided us with the names of several other doctors that you were treating with. We then requested the medical records from Dr. Stein, Dr. Zullo, Dr. Mezitis, Dr. Sosa, and NY Presbyterian Hospital. We also requested payroll records and a job description from your employer.

We received payroll records for the period of January 15, 2006 through June 30, 2006. The payroll records did not indicate any regular earnings for this period of time. We then went back to your employer to request additional payroll records.

In a phone conversation with you on February 16, 2007 I asked you when you stopped working, and you replied that it was in May, 2006 when your doctor said you could no longer work. You stated that prior to that date you had been trying to work as much as you could. You would go in to the office and work a few hours at a time. When I asked you when you stopped working a full regular day of work, you replied that it was in June or July of 2005. You said the company continued to pay you vacation pay that had been accrued since September 11, 2001.

In a phone conversation with Angela Ross at Alitalia on February 20, 2007, I was informed that as of September, 2005 you had terminated your employment and had been given a package to become a consultant. She also indicated that since September, 2005 you had been paid accrued vacation time. Angela Ross also provided us with payroll records for all of 2005.

1242-03

In a follow-up conversation with Angela Ross on March 1, 2007, we discussed your change of employment status and I requested a copy of the Consulting Agreement.

In a phone conversation with you on March 1, 2007, I explained that we had reviewed a copy of the Consulting Agreement and that because your last day of regular employment was September 15, 2005, you were not covered under the long term disability policy as an eligible employee after that date.

In a phone conversation with you on April 16, 2007, you mentioned that the consulting agreement was drawn up while you were working in Rome. You said that you were seen by doctors in the emergency room of a hospital while in Rome, but you did not have copies of the medical records or the names of the doctor(s) you saw.

Medical records were requested from your doctors for all of 2005 and from NY Presbyterian Hospital for 2004 through June 2006. You also obtained and provided records from NY Presbyterian Hospital for hospitalizations prior to 2004.

(SPECIFIC MEDICAL INFORMATION OMITTED)

In a phone conversation with you on April 23, 2007 you called to let us know that you had seen a Dr. Faedda in 2005. We attempted to obtain copies of Dr. Faedda's notes, but were told the records were unavailable. One of our on-site physicians did have a telephone conversation with Dr. Faedda. Dr. Faedda indicated that his treatment with you ended sometime around April, 2005.

In a phone conversation with you on May 2, 2007, you indicated that Dr. Caronna had been telling you for some time that you should stop working, but you didn't want to.

(SPECIFIC MEDICAL INFORMATION OMITTED)

Your last day of work was reported to be May 26, 2006. It would be medically reasonable that the date of disability would be May 27, 2006.

The medical documentation prior to September 15, 2005 supports preclusion from work due to your hospitalization on May 6, 2005 through May 8, 2005. The typical rehabilitation would have been up to 12 weeks duration with the frequency of three times a week. Assuming this is the case, the rehabilitation would have concluded on or around August-September, 2005. It would have been reasonable once the rehabilitation was finished that you would have been able to perform a sedentary occupation. You terminated your employment and became a consultant on September 15, 2005. That would indicate that you would have been able to work for the period of August-September, 2005.

(SPECIFIC MEDICAL INFORMATION OMITTED)

In summary, the medical evidence does not support a level of impairment for any medical condition until May 27, 2006. In addition, your Short Term Disability claim was based on a May 28, 2006 date of disability. You terminated your employment as of September 15, 2005 and became a consultant. As of September 15, 2005 you were no longer covered under the long

Claimant Name: Gallo, Francesco
Claim Number: 3014902

June 11, 2007
Page 4 of 5

term disability policy as an eligible employee. Therefore, we are unable to accept any liability on your claim, and regrettably, we must deny benefits.

If you have additional information to support your request for disability benefits, it must be sent to my attention for further review at the address noted on this letterhead, within 180 days of the date you receive this letter.

However, if you disagree with our determination and want to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of the date you receive this letter. You should submit your written appeal to the following address:

The Benefits Center Compliance Department
Appeals Unit
PO Box 9548
Portland, ME 04122-5058
Fax Number: 1-207-575-2354

A decision on appeal will be made not later than 45 days after we receive your written request for review of the initial determination. If we determine that special circumstances require an extension of time for a decision on appeal, the review period may be extended by an additional 45 days (90 days in total). We will notify you in writing if an additional 45 day extension is needed.

If an extension is necessary due to your failure to submit the information necessary to decide the appeal, the notice of extension will specifically describe the required information, and you will be afforded at least 45 days from receipt of the notice to provide the specified information. If you deliver the requested information within the time specified, the 45 day extension of the review period will begin after you have provided that information. If you fail to deliver the requested information within the time specified, we may decide your appeal without that information.

You will have the opportunity to submit written comments, documents, or other information in support of your appeal. You will have access to all relevant documents as defined by applicable U.S. Department of Labor regulations. The review will take into account all new information, whether or not presented or available at the initial determination. No deference will be afforded to the initial determination.

The review will be conducted by us and will be made by a person different from the person who made the initial determination and such person will not be the original decision maker's subordinate. In the case of a claim denied on the grounds of a medical judgment, we will consult with a health professional with appropriate training and experience. The health care professional who is consulted on appeal will not be the individual who was consulted during the initial determination or a subordinate. If the advice of a medical or vocational expert was obtained by the Plan in connection with the denial of your claim, we will provide you with the names of each such expert, regardless of whether the advice was relied upon.

If your request on appeal is denied, the notice of our decision will contain the following information:

a. the specific reason(s) for the appeal determination;

1242-03

A 00109

Claimant Name: Gallo, Francesco  
Claim Number: 3014902

June 11, 2007  
Page 5 of 5

b. a reference to the specific Plan provision(s) on which the determination is based;
c. a statement disclosing any internal rule, guidelines, protocol or similar criterion relied on in making the adverse determination (or a statement that such information will be provided free of charge upon request);
d. a statement describing your right to bring a civil suit under federal law;
e. a statement that you are entitled to receive upon request, and without charge, reasonable access to or copies of all documents, records or other information relevant to the determination; and
f. a statement that "You or your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency."

Notice of the determination may be provided in written or electronic form. Electronic notices will be provided in a form that complies with any applicable legal requirements.

If you dispute this determination, you have the right to bring a civil action under section 502(a) of the Employee Retirement Income Security Act following an adverse benefit determination on review. Unless there are special circumstances, this administrative appeal process must be completed before you begin any legal action regarding your claim.

If we do not receive your written appeal within 180 days of the date you receive this letter, our claim determination will be final.

The policy under which you were insured has a provision which states, in part, that no action in law or in equity shall be brought to recover on the policy after the expiration of three years after the time written proof of loss is required to be furnished.

Please be aware that we have not evaluated your claim with respect to any policy provisions other than those discussed above, and that the Company reserves its right to enforce any and all provisions of the policy.

Mr. Gallo, if you have any questions, please feel free to contact me at 1-800-858-6843 extension 55381.

Sincerely,

*Eileen Roberge ALHC*

Eileen Roberge ALHC  
Lead Disability Benefits Specialist  
First Unum Life Insurance Company

1242-03

A 00110