# New York City

# LEGISLATIVE ANNUAL

# 1991

FORDHAM

DEC 01 1992

LAW LIBRARY

*Published by*
**NEW YORK LEGISLATIVE SERVICE, INC.**
299 Broadway, New York, N.Y. 10007

| | | | |
|---|---|---|---|
| **Revenues (+)** | $200,000 | $218,700 | $255,092 |
| **Expenditures (−)** | $164,800 | $431,984 | $486,561 |
| **Net** | $ 37,700 | ($213,284) | ($231,469) |

Accordingly, your Committee recommends its adoption, as amended.

*CURRENT LAW*
Disparate Impact.

Disparate impact explicitly covered. Respondent has burden of proving business necessity. Where complainant produces substantial evidence of less discriminatory alternative, respondent must prove that alternative wouldn't meet its needs as well as challenged practice. Business necessity is defined as practice or policy that bears significant relationship to significant business objective. Scope of challenges to standardized educational tests defined; and broad use of statistical evidence permitted. While "quotas" are deemed not to be encouraged by bill, authority of CCHR and courts to order or mediate appropriate relief is not limited.

Preliminary Injunctive Relief.
Available only in housing cases. Availability pegged to harm alleged to be suffered by individual complainant.

Civil Penalties.
Not permitted

Private Right of Action.
No explicit coverage.

*NEW LAW*
No explicit language in statute, but covered by CCHR caselaw. CCHR caselaw rejects recent U.S. Supreme Court decision which forces plaintiffs, rather than defendants, to prove that challenged practice is *not* required by business necessity (even though employer in best position put forth its own business needs).

Expanded to cover employment and public accommodations cases. Availability pegged to whether respondent's action would interfere with any type of relief that CCHR could order after a hearing.

Up to $50,000 can be awarded in most cases; up to $100,000 with a showing of willfulness or maliciousness; and up to $200,000 in cases of systemic discrimination. Other penalties include up to $50,000 and $100/day for violation of CCHR orders. All penalties collected go to general fund of City to compensate for societal injury except for those assessed against City agencies for violations of final CCHR orders (these penalties go to special fund dedicated to anti-bias activities)

Complainant can choose whether to go to CCHR or State Supreme Court. Attorneys fees available for court actions.

186

Authority to litigate in court

| | |
|---|---|
| Law Department (Corp Counsel) has authority to litigate CCHR cases when court action is needed and to delegate to CCHR litigation authority in specific matters or classes of matters. | Heads of Law Department and CCHR are required to report back to the Council in 12 months to provide assessments of the efficacy of procedures that have been put in place in an effort to represent CCHR effectively in court and avoid potential conflicts of interest. |

Systemic discrimination claims litigated in court.

| | |
|---|---|
| No explicit coverage. | Law Department (Corp Counsel) can litigate systemic discrimination claims in state court or delegate authority to CCHR (see authority to litigate, above). |

Liability of employees and agents for their own biased acts.

| | |
|---|---|
| No explicit coverage in employment context, although CCHR caselaw provides for liability where employee had power to do more than carry out decisions made by others. | Employees and agents are responsible for their own discriminatory acts. |

Liability of employers for acts of employees and agents.

| | |
|---|---|
| No explicit coverage. | Strict liability in housing and public accommodations. Strict liability in employment context for acts of managers and supervisors; also liability in employment context for acts of co-workers where employer knew of act and failed to take prompt and effective remedial action or should have known and had not exercised reasonable diligence to prevent. Employer can mitigate liability for civil penalties and punitive damages by showing affirmative anti-discrimination steps it has taken. |

Liability of employers for acts of independent contractors.

| | |
|---|---|
| No explicit coverage. | Liability where contractor, in furtherance of employer's business, discriminates, and employer knows and condones. |

Discrimination based on perceived membership in a group or based on association with someone in a protected group.

| | |
|---|---|
| No explicit language in statute, but covered by CCHR | Discrimination based on perceived status and on association with person of a protected group explicitly proscribed. |

Age bias in residential housing.

| | |
|---|---|
| Permitted | Prohibited except for certain exemptions for senior citizen housing. |

Age bias in public accommodations.

| | |
|---|---|
| Permitted. | Prohibited once CCHR issues regulations setting forth exemptions to prohibition based on bona fide public policy considerations. |

Marital status bias in public accommodations and employment.

| | |
|---|---|
| Permitted | Prohibited. |

Discrimination in two-family, owner-occupied dwellings where available apartment has been publicly advertised.

| | |
|---|---|
| Permitted. | Prohibited. |

187

**LOCAL LAW MEMORANDA OF THE CITY OF NEW YORK**

Strength and clarity of disability coverage

| | |
|---|---|
| No affirmative statement of requirement to make reasonable accommodation; no explicit language on burdens of proof. Note: CCHR caselaw holds that respondent must make such accommodation as would enable person to meet essential requisites of job or benefit, escept for that accommodation which respondent proves would cause it undue hardship. | CCHR caselaw is explicitly incorporated into statutory language. Affirmative statement of requirement to make reasonable accommodation where covered entity knows or should know of disability. |

Requirement to answer; sanctions for non-cooperation.

| | |
|---|---|
| None (although CCHR caselaw provides for adverse inferences to be drawn for failure to comply with discovery requirements). | Respondents required to answer or face default; range of sanctions set out for failure to comply with discovery orders. |

Recordkeeping

| | |
|---|---|
| No coverage | CCHR can order respondent to preserve existing records and continue to make existing types of records. CCHR to hold hearing to develop recommendations on whether the law should be amended to authorize CCHR to require businesses to generate new records. |

Diccriminatory harassment

| | |
|---|---|
| No coverage. | Prohibits threats, intimidation, force, or coercion which interfere with person's exercise of rights protected under law because of protected class. |

Discriminatory boycotts

| | |
|---|---|
| No coverage. | Prohibits as unlawful discriminatory practice discriminatory boycotts, exempting boycotts relating to labor disputes, those protesting discriminatory practices, and those protected by the First Amendment. Reporting requirements to City Council set forth. |

188