UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANCESCO GALLO,

                Plaintiff,

    -against-

                              Case # 07 CV 06418 (CM)(HP)

ALITALIA - LINEE AEREE ITALIANE –
SOCIETA PER AZIONI,
PIERANDREA GALLI, and
GIULO LIBUTTI,

                Defendants

-------------------------------------------------------------------X

**PLAINTIFF'S COUNTER-STATEMENT OF UNDISPUTED FACTS RESPONDING TO THE STATEMENT OF DEFENDANT PURSUANT TO LOCAL RULE 56.1 (b)**

Plaintiff, Francesco Gallo, submits the following counter-statement of undisputed facts responding to the 56.1 statement submitted by the Defendants. Defendants submission is not a "Joint" statement of uncontested material facts.

8. Plaintiff was still an employee and continued on after September 15, 2005 just as he had on September 14, 2005. He was still an employee despite the wording in the Severance Agreement. While Plaintiff's claims are based on events after September 15, 2005, all of the events prior to that date clearly demonstrate the motivation behind Defendants' actions after that date. (Plaintiff's Affidavit Exhibit D Par.13, 103)

9. The Consultancy Agreement states in Paragraph 2 that Plaintiff is to receive:

"continuation of all employee benefits to which Employee is currently entitled and in

which he is currently participating, or payment necessary to privately purchase their equivalents, up to age sixty-five (65)." Koral Aff. Exhibit 5.

10.  As plaintiff states in his Affidavit, Alitalia stopped paying for numerous employee benefits to which Plaintiff was entitled at the time of the agreement; namely, Alitalia stopped paying for Plaintiff's automotive expenses such as garage fees, gas, tolls; Alitalia stopped paying for Plaintiff's Health Insurance; stopped contributing towards his 401(k) plan; and failed to give him a gold Rolex watch to which he was entitled; cancelled the Supplemental Pension Plan; failed to continue paying for his cell phone. Also, when the Italian Vice-Prime Minister was visiting New York City from Italy, the Individual Defendants told Plaintiff to pay for said politician's entertainment expenses; to pay for a limousine to take him around New York; to pay for various meals and entertainment. However, despite said promise to repay, They failed to repay Plaintiff for same. (Plaintiff's Affidavit Exhibit D Par.73)

11. As stated above, Defendants did not pay for Plaintiff's above mentioned benefits. (Plaintiff's Affidavit Exhibit D Par.73)

16. Mr. Galli was fired because he was perceived to be homosexual. He was fired because he defended gays, lesbians and older workers. He was fired because he refused to terminate older workers at Alitalia. He was fired because he was an older worker, himself. (Plaintiff's Affidavit Exhibit D entire) (Additionally, Defendants' statement that Spazzadeschi and Cestaro made the decision to fire plaintiff is based entirely on the hearsay of Mr. Galli)

18. Galli and Libutti were both involved in terminating Plaintiff from Alitalia. (Plaintiff's Affidavit Exhibit D entire)

19. Galli and Libutti told Plaintiff that he was fired and that Alitalia did not want him there anymore and that he had to leave the office as soon as possible. (Plaintiff's Affidavit Exhibit D par 46)

30. Plaintiff refused to fire Gabriele Mariotti because he was gay. (Plaintiff's Affidavit Exhibit D Par 65.)

31. Plaintiff refused to fire employees because they were gay or women or older workers and thus saved their jobs. (Plaintiff's Affidavit Exhibit D Par 33-36.)

36. Libutti called Plaintiff a homosexual on numerous occasions and also told Plaintiff's wife that he was a homosexual. (Plaintiff's Affidavit Exhibit D Par 54,55)

42. Andrea Sciarise and Gabriele Mariotti both heard Galli and Libutti making such comments. (Exhibits F& G Sciarresi's deposition portions all and Mariotti's Affidavit par 9,12,13)

43. Plaintiff testified that Libutti physically assaulted him. (Plaintiff's Affidavit Exhibit D Par 31.)

44. Plaintiff testified that he did not remember ever saying "did he stick it up your ass as usual?" to Mr. D'Ilario. Upon further questioning, he testified "could be." Nonetheless,

he testified that he does not remember ever saying so. Defendants are speculating. Koral Aff Ex 50.

48. Plaintiff testified that he did in fact complain to Conforti. Koral Aff 52.

56. Plaintiff testified that Libutti told Plaintiff's wife that Plaintiff was a homosexual and had a sexual affair with Mr. Oksuz. (Plaintiff's Affidavit Ex D par 54, 55, 56)

Dated: New York, NY
June 27, 2008

        Respectfully submitted,

        **AKIN & SMITH, LLC**
        Attorneys for Plaintiff
        305 Broadway, Suite 1101
        New York, NY 10007

By: _____
      Derek T. Smith, Esquire (DS 1747)