UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANCESCO GALLO,

                         Plaintiff,

       -against-

                                       Case # 07 CV 06418 (CM)(HP)

ALITALIA - LINEE AEREE ITALIANE –
SOCIETA PER AZIONI,
PIERANDREA GALLI, and
GIULO LIBUTTI,

                        Defendants

-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS GALLI AND LIBUTTI'S SUMMARY JUDGMENT MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(b)**

## TABLE OF CONTENTS

Plaintiff Has Set Forth A Viable Cause Of Action
Against The Individual Defendants Under Executive Law 296(1)(A)   3

Plaintiff Has Set Forth A Viable Cause Of Action
Against The Individual Defendants under Executive law 296(7)   6

Plaintiff Has Set Forth A Viable Cause Of Action
Against The Individual Defendants Under
NYC Administrative Code 8-107(1)(A)   6

Plaintiff has set forth a viable cause of action Against
The Individual Defendants under NYC Administrative Code 8-107[1](e)   7

Plaintiff Has A Viable Cause Of Action For Defamation   8

Plaintiff Has Also Set Forth Viable Claims
Under Intentional Infliction Of Emotional Distress   10

Please note that in addition to the following, plaintiff further relies on his Memorandum of Law in Opposition to Defendant Alitalia's Motion for Summary Judgment and the Court is respectfully referred to same.

### Plaintiff Has Set Forth A Viable Cause Of Action Against The Individual Defendants Under Executive Law 296(1)(A)

Executive Law § 296 provides that it shall be illegal "For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

New York applies the same analysis to State and City discrimination claims as it does to Federal claims. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714- 15 [2d Cir. 1996] [stating that "in the sex discrimination context, 'New York courts require the same standard of proof for claims brought under the [Human Rights Law] as those brought under Title VII.' "] [quoting Tomka v. Seiler Corp., 66 F.3d 1295, 1304 n.4 [2d Cir. 1995]].

A strong line of cases has emerged from New York's federal courts, springing from the Second Circuit's decision in Tomka v. Seiler Corporation, 66 F3d 1295, 1317 [2d Cir 1995], which carves out an exception so that **"a defendant who actually participates in the conduct that gives rise to a discrimination claim may be personally liable under the [state's Human Rights Law], regardless of the defendant's status in the corporation"** (Harrison v.

3

Indosuez, 6 F Supp 2d 224, 234 [SDNY 1998], citing *Persaud v. S. Axelrod Company*, n.o.r., 1996 WL 11197 [SDNY 1996]).

With respect to the State Statute, there is also a line of cases that adhere to the Court of Appeals' holding in Patrowich v. Chemical Bank, 63 NY2d 541 [1984]) stating that those employees with "an ownership interest in the company" or "the power to do more than carry out personnel decisions made by others" may be held personally liable for sexual harassment (see Monsanto v. Electronic Data Systems Corporation, 141 AD2d 514, 515 [2d Dept 1988]; Bridges v. Eastman Kodak Company, supra, 822 F Supp at 1029; cf Sier v. Jacobs Persinger & Parker, 236 AD2d 309 [1st Dept 1997]).

While Tomka refers to actual participation and Patrowich refers to ownership interest, the 2 cases have been found to be consistent. Cases which have followed Tomka on the question of personal liability of other corporate employees are all consistent with the *Patrowich* line of cases (see, e.g., Ponticelli v. Zurich American Insurance Group, 16 F Supp 2d 414, 427 [SDNY 1998]; Mitchell v. FAB Industries Inc., 990 F Supp 285, 290-291 [SDNY 1998]). The Court of Appeals has not revisited the issue since Tomka was decided. Other courts that have had occasion to do so have had no problem reconciling Tomka with Patrowich (see, e.g., Stordeur v. Computer Associates International, Inc., 995 F Supp 94, 103-105 [EDNY 1998]; Bush v. Raymond Corporation, Inc., 954 F Supp 490, 496-497 [NDNY 1997]). Indeed, it is totally consistent with the body of tort law in New York to allow personal liability against the active malfeasor regardless of his rank in the company vis-à-vis the sexually harassed employee while absolving from personal liability a supervisor without ownership interest who has had no

participation in the harassment. See *Nemer v. Brown*, Justice Cohen, S/NY 5/24/99 NYLJ 29, (col. 4)

In our case at hand, the individual Defendants actually participated in the discrimination and thus under the above cases, it is irrelevant whether he had an ownership interest since he is liable for her actual participation.

Additionally, with respect to aiding and abetting liability, Section 296(6) of the NYSHRL makes it an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so." N.Y. Exec. Law § 296(6). According to the Second Circuit, this language imposes individual liability on "a defendant who actually participates in the conduct giving rise to a discrimination claim," irrespective of whether the individual possesses power to do more than carry out personnel decisions made by others. *Tomka,* 66 F.3d at 1317.

In *Tomka,* the Second Circuit interpreted Section 296(6) as holding individually liable those within the employment relationship who primarily and directly perpetrated the harassment. *Tomka,* 66 F.3d at 1317; *Dawson v. County of Westchester,* 351 F.Supp.2d 176, 199 (S.D.N.Y.2004). *Prince v. Madison Square Garden* L 906136, *10 -11 (S.D.N.Y.,2006)

**Plaintiff Has Set Forth A Viable Cause Of Action Against The Individual Defendants
under
Executive law 296(7)**

New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

For the reasons set forth above, the individual Defendants can be held personally liable under Executive Law Section 296 because they personally participated in the harassment. When Plaintiff opposed this conduct, he was retaliated against which is exactly what is prohibited under Executive Law 296(7). A look at the statute also makes clear that it applies to "any Person."

**Plaintiff Has Set Forth A Viable Cause Of Action Against The Individual Defendants
Under
NYC Administrative Code 8-107(1)(A)**

The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:  "(a) For an employer **or an employee** or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."  (emphasis added)

What is notable in the Administrative Code is the fact that it is unlawful for "an employer or an **employee**" to unlawfully discriminate. Individual liability under both the first and second causes of action is based on sections of the Administrative Code that clearly and unambiguously provide for it. Had the City Council not wanted to impose personal liability, it would not have used the word "employee" in § 8-107(1)(a) or "person" in §§ 8- 107(15)(a), 8-107(6) and 8-107(19).

The First Department Appellate Division has explicitly found personal liability under this section. *Minichiello v. Supper Club*, 251 A.D.2d 182 (1st Dept. 1998). Moreover, "In contrast to Executive Law @ 296(1)(a), which in defining those who may be held liable for unlawful discriminatory practices speaks of an 'employer' without mention of employees or agents, Administrative Code of the City of New York @ 8-107(1)(a) expressly provides that it is unlawful for 'an employer or an employee or an agent thereof' to engage in discriminatory employment practices" (Murphy v. ERA United Realty, 251 AD2d 469 [2d Dept 1998]; see also Harrison v. Indosuez, supra, 6 F Supp 2d at 233-234).

**Plaintiff has set forth a viable cause of action Against The Individual Defendants under NYC Administrative Code 8-107[1)(e)**

The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice:

> "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

For the reasons set forth above, the individual Defendants can be held personally liable under Administrative Code of the City of New York @ 8-107(1)(a) and when Plaintiff opposed this conduct, he was retaliated against which is exactly what is prohibited under Administrative Code 8-107(1)(e).

### Plaintiff Has A Viable Cause Of Action For Defamation

Defendants' arguments as to the merits of Plaintiff's Defamation claim are without merit. As an initial matter Plaintiff's claim for defamation is not only based on the Defendant Libutti's communications to Plaintiff's wife *accusing plaintiff of being homosexual, but also committing adultery*. Defendants arguments that "in New York in the 21st Century, with openly homosexual individuals in prominent positions in the world politics, entertainment, business and other areas, an accusation of homosexuality does not meet the standard in <u>Foster</u> 87 N.Y. 2D 744" is mere speculation since the Court's holding in <u>Foster</u>, *supra* <u>has not been overruled</u>. Neither the courts nor the legislature of New York have indicated otherwise.

**An imputation of sexual immorality is defamatory per se, as to both men and women.** *See, Rejent v. Liberation Publications, Inc.,* 197 A.D.2d 240, 611 N.Y.S.2d 866 (1st Dep't 1994). Unlike other oral charges imputing unchastity to a man, *an oral charge imputing homosexuality to a man may constitute slander per se*, such as where the statement, "you are both queers," is made by the defendant in the presence of the plaintiff's wife and other persons. See *Nowark v. Maguire*, 22 A.D.2d 901, 255 N.Y.S.2d 318 (2d Dep't 1964).

Contrary to Defendants' submission, the correct holding in *Ward v. Klein* 10 Misc.3d 648, 653, 809 N.Y.S.2d 828, 832 - 833 (N.Y.Sup.,2005) is as follows:

> " The Court recognizes defendants' argument that changing social mores could affect how certain sexual conduct is viewed by the community, and that what was defamatory *per se* at one time may no longer be the case. *See, e.g., Hayes v. Smith,* 832 P.2d 1022 (Colo.Ct.App.1991)(accusations of homosexuality are no longer slanderous *per se*). Although consensual sexual relations between unmarried persons are certainly viewed differently than they once were, defendants do not cite to any legal authority or social science data to support their argument that allegations of unchastity, when combined with claims of promiscuity and casual sexual encounters such as those here, can no longer support a finding of defamation *per se.* The Court has found no case in this State, or elsewhere, that stands for so broad a proposition, and absent appellate authority, this Court is constrained from reaching the conclusion urged by defendants. Thus, the Court denies defendants' motion to dismiss the first two causes of action sounding in defamation."

Defendants' arguments find no support from the applicable New York authorities. Therefore, until either the courts or legislature of New York indicate otherwise, the consequence of this holding, critical to this action, is that plaintiff is not even required to prove special damages, *i.e.* actual damage to his reputation, in order to maintain this action. *See Matherson, supra,* 473 N.Y.S.2d at 1000-01; *Wachs v. Winter,* 569 F.Supp. 1438, 1443 (E.D.N.Y.1983); See also *Guccione v. Hustler Magazine, Inc.* 632 F.Supp. 313 S.D.N.Y.,1986.

New York Courts have held that "**It is axiomatic that some types of statements are considered so damaging to a person's reputation that they are considered slander or libel per se and a plaintiff need not prove special damages to set forth a valid cause of action. One such type of statement is that which charges a person with the crime of adultery**. *Jordan v. Lewis,* 20 A.D.2d 773, 774, 247 N.Y.S.2d 650, 651 (1 st Dep't 1964). *Matherson v. Marchello,* 100 A.D.2d 233, 473 N.Y.S.2d 998, 1004 (1984); *Bergmann v. Jacobs,* 157 N.Y.S.2d 50, 51-52 (N.Y.Sup.Ct.1956).

Defendants claim as to plaintiff's claim barred by the applicable statute of limitations is devoid of merit in that plaintiff commenced this action within the applicable statute of limitations. Plaintiff stated in his affidavit that it was June 20, 2006 that Libutti called

his wife and that this action was commenced within 1 year of that date. (Plaintiff's Affidavit paragraphs 54, 55 )

Defendants' claim that the statement is true is also disingenuous. Plaintiff stated that Libutti told his wife that Plaintiff is a homosexual and had an sex with Mr. Oksuz, not that Plaintiff was "accused" of same.

### Plaintiff Has Also Set Forth Viable Claims Under Intentional Infliction Of Emotional Distress

An intentional infliction of emotional distress claim must rest upon allegations that a defendant's behavior was "extreme and outrageous" to such extent that the action was "atrocious and intolerable in a civilized society" [Freihofer v. Hearst Corp., 65 N.Y.2d 135, 143 [1985]; Murphy v. American Home Prods. Corp., 58 N.Y.2d 293, 303 [1983]; Howell v. New York Post Co., 81 N.Y.2d 115 [1993]].

**A claim of harassment, such as the one before this court, based on a pattern of abusive conduct has been held to give rise to a claim of intentional infliction of emotional distress where the alleged conduct goes far beyond the bounds of decency** (see, Polley v. FRB of New York, 1994 U.S. LEXIS 11813 [S.D.N.Y.], citing, *Collins v. Wilcox, Inc.*, 158 Misc2d 54 [Sup. Ct. 1992]; see also, *O'Reilly v. Executone of Albany*, Inc., 121 AD2d 772 [3rd Dept. 1986]; *Bonner v. Guccione*, 916 FSupp 271 [S.D.N.Y. 1996]). **In *Collins v. Wilcox Incorporate*, supra, where the harassment continued over and over again, the Court found Defendants could be liable for Intentional Infliction of Emotional Distress. The court stated that: "Although each individual act . . is probably not actionable, except as to a specific claim of sexual harassment ..., when aggravated over time, the continuous nature of the conduct may make it sufficiently outrageous that a jury could reasonably find in plaintiff's favor on the emotional distress allegation (Id)."**

In our case at hand, plaintiff was subjected to harassment on an almost daily basis; suffered at the hands of Defendants. Moreover, it was not merely the content of the words or the conduct that was so extreme, but the fact that plaintiff's protests against such conduct went unheeded. (see *McIntyre v Manhattan Ford, Lincoln-Mercury, Inc.,* 175 Misc.2d 795 [1997], *lv dismissed* 256 A.D.2d 269 [1998], *lv denied* 94 N.Y.2d 753 [1999] ).

Defendants' allegations that Plaintiff's emotional distress is "multitudinous" since he had been diagnosed with a progressive neurological disease and had a troubled marriage is irrelevant, improper and does not change the fact that any person in plaintiff's position would have been severely distressed by the Defendants unlawful acts that exceed the boundaries of decency in a civilized society. Moreover, his health suffered and his marriage was troubled *because of* the problems he was forced to endure at work.

In light of the fact that Plaintiff has set forth numerous allegations of discrimination and retaliation as well as Defamation and Intentional Infliction of Emotional Distress, Defendants' motion should be dismissed in its entirety, along with such other and further relief as to this Court seem just and proper.

Dated:    New York, NY
          June 27, 2008

                              AKIN & SMITH, LLC

                              By: _____
                                  Derek T. Smith (DS 1747)

                              Attorneys for Plaintiff
                              305 Broadway, Suite 1101
                              New York, NY 10007
                              (212) 587-0760

11