UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCESCO GALLO,

            Plaintiff,

-against-

ALITALIA – LINEE AEREE ITALIANE –
SOCIETA PER AZIONI, PIERANDREA GALLI,
and GIULIO LIBUTTI,

            Defendants.

Case No.  07 CV 06418 (CM) (RLE)

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALITALIA'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(b)

Alan M. Koral, Esq.
Charles Caranicas
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, New York  10019
(212) 407-7700

NEWYORK/#197488.4

**TABLE OF CONTENTS**

Page

ARGUMENT ........................................................................................................................... 1

POINT I

SUMMARY JUDGMENT SHOULD BE GRANTED TO ALITALIA WITH RESPECT TO ARGUMENTS WHICH PLAINTIFF HAS NOT EVEN ADDRESSED ................................................................................................. 1

POINT II

DEFENDANTS' STATEMENT OF FACTS IS DEEMED ADMITTED TO THE EXTENT PLAINTIFF HAS NOT RESPONDED TO A SPECIFIC PARAGRAPH ................................................................................................... 2

POINT III

THE NYCHRL IS INTERPRETED UNDER THE SAME STANDARDS AS FEDERAL AND STATE LAW ................................................................................ 2

    A.    Plaintiff's Hostile Environment Claim ................................................... 2

    B.    Plaintiff's Retaliation Claim ................................................................... 5

POINT IV

PLAINTIFF IS UNABLE TO SHOW THAT ALITALIA'S REASON FOR TERMINATING HIS CONSULTING SERVICES IS PRETEXTUAL ........................... 6

POINT V

THE ASSERTIONS BY MARIOTTI AND SCIARRESI DO NOT SALVAGE PLAINTIFF'S CASE ......................................................................................... 6

POINT VI

PLAINTIFF HAS NOT SHOWN CONDUCT SUFFICIENTLY EXTREME AND OUTRAGEOUS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ............................................................. 8

POINT VII

PLAINTIFF'S DEFAMATION CLAIM SHOULD BE DISMISSED ............................ 9

POINT VIII

PLAINTIFF HAS NOT PRODUCED ANY DISPUTED MATERIAL ISSUES OF FACT WITH RESPECT TO HIS BREACH OF CONTRACT CLAIM ..................... 9

CONCLUSION ...................................................................................................................... 11

## TABLE OF AUTHORITIES

Page

**Cases**

*Alomonord v. Kingsbrook Jewish Medical Center*, 2007 WL 2324961, *7 (E.D.N.Y. 2007) ....... 3

*Augustin v. The Yale Club of New York City*,
    2006 U.S. Dist. LEXIS 67462, *3 (S.D.N.Y. 2006) ................................................................ 2

*Bailey v. New York Westchester Square Medical Centre*,
    38 A.D.3d 119, 829 N.Y.S.2d 30 (1st Dep't 2007) ................................................................ 3

*Bickerstaff v. Vassar College*, 196 F.3d 435 (2d Cir. 1999) ...................................................... 4, 10

*Bonner v. Guccione*, 916 F.Supp. 271 (S.D.N.Y. 1996) .................................................................. 8

*Burlington Northern and Santa Fe Railway Co. v. White*,
    548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) ........................................................... 5

*Collins v. Wilcox Inc.*, 158 Misc.2d 54 (Sup.Ct. N.Y.Co. 1992) ..................................................... 8

*D'Avilar v. Cerebral Palsy Associations of New York*,
    17 Misc.3d 1117A, *11, 851 N.Y.S.2d 63 (Sup. Ct., Kings Co. 2007) .................................... 3

*Everson v. NYC Transit Auth.*, 2007 WL 539159, *17 (E.D.N.Y. 2007) ....................................... 3

*Farrugia v. North Shore University Hospital*,
    13 Misc.3d 740, 820 N.Y.S.2d 718 (Sup. Ct., N.Y.Co. 2006) ................................................ 3

*Ferraro v. Kellwood Co.*, 440 F.3d 96 (2d Cir. 2006) .................................................................... 3

*Forrest v. Jewish Guild for the Blind*,
    3 N.Y.3d 295, 819 N.E.2d 998, 786 N.Y.S.2d 382 (2004) ..................................................... 4

*Freedom Calls Foundation v. Bukstel*, 2006 WL 2792762, *3 (E.D.N.Y. 2006) ........................... 8

*Garone v. United Parcel Svce.*, 436 F.Supp.2d 448 (E.D.N.Y. 2006) ........................................... 3

*Giannullo v. City of New York*, 322 F.3d 139 140 (2d Cir. 2003) ................................................... 2

*Gore v. The RBA Group, Inc.*, 2008 WL 857530, *3 (S.D.N.Y. 2008) .......................................... 3

NEWYORK/#197488.4

## TABLE OF AUTHORITIES

Page

*Gurry v. Merck & Co.*, 2003 U.S. Dist. LEXIS 6161 (S.D.N.Y. 2003) .......................... 5

*Hanna v. New York Trades Council and Hotel Assoc. of NYC Health Center, Inc.*,
 18 Misc.3d 436, 851 N.Y.S.2d 818 Sup. Ct., N.Y.Co. 2007) ................................... 3

*Hayes v. New York Dep't of Corrections*, 84 F.3d 614 (2d Cir. 1996) ..................................... 4, 10

*Jordan v. Bates Advertising Holdings, Inc.*,
 11 Misc.3d 764, 816 N.Y.S.2d 310 (Sup. Ct., N.Y.Co. 2006) ...................................... 3

*Kearney v. County of Rockland*, 373 F.Supp.2d 434 (S.D.N.Y. 2005) ........................... 8

*Lopes v. Caffe Centrale LLC*, 548 F.Supp.2d 47 (S.D.N.Y. 2008) .................................. 3

*Lydeatte v. Bronx Overall Economic Development Corp.*,
 2001 WL 180055, *2 (S.D.N.Y. 2001) ....................................................................... 8

*Mariani v. Consolidated Edison Co. of New York, Inc.*,
 982 F.Supp. 267 (S.D.N.Y. 1997) .............................................................................. 9

*Morel v. ABM Co.*, 2006 WL 3771006, *7 (S.D.N.Y. 2006) ............................................. 3

*Nembhard v. Memorial Sloan Kettering Cancer Center*,
 1996 U.S.Dist. LEXIS 30738 (2d Cir. 1996) .............................................................. 6

*O'Reilly v. Executone of Albany, Inc.*, 121 A.D.2d 772, 503 N.Y.S.2d 185 (3d Dep't 1986) ...... 8

*Ochei v. Coler/Goldwater Memorial Hospital*, 450 F.Supp.2d 275 (S.D.N.Y. 2006) ................... 4

*Ortiz-Moss v. NYC Dep't of Transportation*, 2008 WL 1899950, *17 (S.D.N.Y. 2008) ............... 3

*Patane v. Clark*, 508 F.3d 106 (2d Cir. 2007) .................................................................. 5

*Paulose v. NYC Dep't of Educ.*, 2007 WL 1371517, *6 (S.D.N.Y. 2007) ..................... 3

*Penney v. AIG Domestic Claims, Inc.*, 2007 WL 541711, *5 (S.D.N.Y. 2007) ............. 3

*Polley v. Federal Reserve Bank of New York*, 1994 WL 465923 (S.D.N.Y. 1994) ....................... 8

*Pugliese v. Long Island Rail Road Co.*, 2006 U.S.Dist. LEXIS 66936 *36 (E.D.N.Y. 2006) ........ 4

## TABLE OF AUTHORITIES

**Page**

*Ray v. Henderson*, 217 F.3d 1234 (9th Cir. 2000) .......................................................................... 5

*Russo-Lubrano v. Brooklyn Federal Savings Bank*,
   2007 WL 121431, *7 n.18 (E.D.N.Y. 2007) ................................................................................ 9

*Sanabria v. M. Fabrikant & Sons, Inc.*, 2008 N.Y. Misc. LEXIS 2400 ......................................... 4

*Selmanovic v. NYSE Group., Inc.*, 2007 U.S.Dist. LEXIS 94963 (S.D.N.Y. 2007) ....................... 4

*Shah v. WILCO Systems, Inc.*, 27 A.D.3d 169, 176, 806 N.Y.S.2d 553 (1st Dep't 2005) ............. 3

*Sorrenti v. City of New York* 17 Misc.3d 1102(A), 851 N.Y.S.2d 61, Sup. Ct., N.Y.Co. 2007) ... 4

*Stuto v. Fleishman*, 164 F.3d 820 (2d Cir. 1999) ........................................................................... 8

*Williams v. City of New York*, 2006 WL 2668211, *24 (E.D.N.Y. 2006) ....................................... 3

Defendant Alitalia Linee Aeree Italiane, S.p.A. ("Alitalia"), by its attorneys, Vedder Price P.C., submits this Reply Memorandum of Law pursuant to Federal Rule of Civil Procedure 56(b) in support of its Motion for Summary Judgment on all of the causes of action set forth in the Amended Complaint of plaintiff Francesco Gallo ("Gallo" or "Plaintiff"). Defendants Pierandrea Galli ("Galli") and Giulio Libutti ("Libutti")(collectively, the "Individual Defendants") submit their Reply on their Motion for Summary Judgment under separate cover.

## ARGUMENT

## POINT I

### SUMMARY JUDGMENT SHOULD BE GRANTED TO ALITALIA WITH RESPECT TO ARGUMENTS WHICH PLAINTIFF HAS NOT EVEN ADDRESSED

As a threshold matter, several critical issues argued in Alitalia's moving Memorandum of Law ("Alitalia Mem.") in support of the instant motion are not addressed in Plaintiff's Memorandum of Law in Opposition to Alitalia's Motion ("Pl. Opp."). Accordingly, this Court should grant Alitalia's Motion for Summary Judgment as to the following points:

- First and Fourth Counts—Plaintiff cannot establish a *prima facie* case of discriminatory termination because: 1) he was not qualified for the position due to his permanent and total disability; and 2) because the non-renewal of his consulting contract does not constitute an adverse employment action (Alitalia Mem. pp. 7-9).

- First and Fourth Counts—U. S. citizenship is not a protected class under either the NYSHRL or the NYCHRL (Alitalia Mem. pp. 6-7);

- First and Fourth Counts—Plaintiff has not provided evidence to support his claim for discrimination based on disability (Alitalia Mem. pp. 12-13);

- First, Second, Fourth and Fifth Counts—Because the Individual Defendants played no part in the decision to dispense with Plaintiff's consulting services (*see* Individual Defendants' moving Memorandum ("ID Mem." pp. 3-4), and because he cannot show that those who did make the decision had any discriminatory or retaliatory intent (Def. Facts ¶¶ 16-17), Alitalia is not liable for discriminatory or retaliatory termination;

- Seventh Count—Plaintiff's Claim for Coercion and Intimidation must be dismissed because it is not a recognized claim (Alitalia Mem. pp. 19-20);

- Eighth Count—Plaintiff's negligent infliction of emotional distress claim is preempted by New York's Workers' Compensation law (Alitalia Mem. p. 22);

1

## POINT II

## DEFENDANTS' STATEMENT OF FACTS IS DEEMED ADMITTED TO THE EXTENT PLAINTIFF HAS NOT RESPONDED TO A SPECIFIC PARAGRAPH

Plaintiff has not submitted any evidence to controvert most of the facts set forth in Defendants' Joint Statement of Undisputed Facts ("Def. Facts"). Plaintiff is required to submit a "paragraph-by-paragraph response" to Defendants' Facts. *Augustin v. The Yale Club of New York City*, 2006 U.S. Dist. LEXIS 67462, *3 (S.D.N.Y. 2006). Any facts not addressed by paragraph are to be "deemed admitted." *Giannullo v. City of New York*, 322 F.3d 139140 (2d Cir. 2003). Accordingly, Alitalia's arguments in this Reply need address only issues that are addressed in Plaintiff's "Counter-statement of Undisputed Facts" ("Pl. Facts").

## POINT III

## THE NYCHRL IS INTERPRETED UNDER THE SAME STANDARDS AS FEDERAL AND STATE LAW

A.   **Plaintiff's Hostile Environment Claim**

Plaintiff argues that the "Restoration Act" of the NYCHRL establishes that the NYCHRL must be construed far more liberally than the State Human Rights Law or Title VII, thereby excusing him from having to show a "severe or pervasive" hostile environment (*see* Pl. Opp. pp. 4-6). Although a few State trial courts have applied a new "Restoration Act" standard (Pl. Opp. pp. 7-9), most Federal courts and other State courts have not, even when expressly addressing the Restoration Act. Plaintiff selectively quotes from one decision of this Court (Pl. Opp. p. 8), which addressed the distinction between standards of analysis for the NYCHRL and the State/Federal analysis, but he ends the quotation immediately prior to the following statement: "The Second Circuit has not yet recognized such a distinction in the coverage of the [NYCHRL], (citation omitted), and the Court is unaware of any New York appellate courts doing so either." *Ortiz-Moss v. NYC Dep't of Transportation*, 2008 WL 1899950, *17 (S.D.N.Y. 2008). *See also*

2

*Morel v. ABM Co.*, 2006 WL 3771006, *7 (S.D.N.Y. 2006); *Penney v. AIG Domestic Claims, Inc.*, 2007 WL 541711, *5 (S.D.N.Y. 2007); *Hanna v. New York Trades Council and Hotel Assoc. of NYC Health Center, Inc.*, 18 Misc.3d 436, 438, 851 N.Y.S.2d 818, 822, fn1 (Sup. Ct., N.Y.Co. 2007); *D'Avilar v. Cerebral Palsy Associations of New York*, 17 Misc.3d 1117A, *11, 851 N.Y.S.2d 63 (Sup. Ct., Kings Co. 2007) *unpublished*.

Other post-Restoration Act decisions—both Federal and State, including the Appellate Division, First Department—have simply analyzed the NYCHRL in tandem with federal and state law without comment on the Restoration Act. *Ferraro v. Kellwood Co.*, 440 F.3d 96, 99 (2d Cir. 2006); *Paulose v. NYC Dep't of Educ.*, 2007 WL 1371517, *6, fn28 (S.D.N.Y. 2007); *Lopes v. Caffe Centrale LLC*, 548 F.Supp.2d 47, *4 (S.D.N.Y. 2008); *Gore v. The RBA Group, Inc.*, 2008 WL 857530, *3, fn4 (S.D.N.Y. 2008); *Everson v. NYC Transit Auth.*, 2007 WL 539159, *17 (E.D.N.Y. 2007); *Alomonord v. Kingsbrook Jewish Medical Center*, 2007 WL 2324961, *7 (E.D.N.Y. 2007); *Garone v. United Parcel Svce.*, 436 F.Supp.2d 448, 473 (E.D.N.Y. 2006); *Williams v. City of New York*, 2006 WL 2668211, *24 (E.D.N.Y. 2006); *Bailey v. New York Westchester Square Medical Centre*, 38 A.D.3d 119, 122, 829 N.Y.S.2d 30, 33 (1st Dep't 2007); *Shah v. WILCO Systems, Inc.*, 27 A.D.3d 169, 176, 806 N.Y.S.2d 553, 559 (1st Dep't 2005).

Two of the decisions, relied on by Plaintiff state only in *dicta* that "Restoration Act standards" should be applied, as the courts held in both decisions that the conduct in question met the more restrictive State law standard. *Farrugia v. North Shore University Hospital*, 13 Misc.3d 740, 750, 820 N.Y.S.2d 718, 726 (Sup. Ct., N.Y.Co. 2006); *Jordan v. Bates Advertising Holdings, Inc.*, 11 Misc.3d 764, 771, 816 N.Y.S.2d 310, 318 (Sup. Ct., N.Y.Co. 2006). Plaintiff also relies on *Ochei v. Coler/Goldwater Memorial Hospital*, 450 F.Supp.2d 275 (S.D.N.Y. 2006), but the *Ochei* Court did not determine whether a new standard should be applied, because

it was unnecessary to do so based on the facts. *Id*. at 26-27. *Sorrenti v. City of New York* simply affirmed a jury award. 17 Misc.3d 1102(A), 851 N.Y.S.2d 61, Sup. Ct., N.Y.Co. 2007). *See also Sanabria v. M. Fabrikant & Sons, Inc.*, 2008 N.Y. Misc. LEXIS 2400 (stating that State and Federal law are a floor, not a ceiling, with respect to NYCHRL standards affecting *individual liability*). Just two federal cases adopt a special NYCHRL standard: *Selmanovic v. NYSE Group., Inc.*, 2007 U.S.Dist. LEXIS 94963 (S.D.N.Y. 2007) (liberal standard applied on a motion to dismiss before discovery); *Pugliese v. Long Island Rail Road Co.*, 2006 U.S.Dist. LEXIS 66936 *36 (E.D.N.Y. 2006) (acknowledged a new standard, but nevertheless relied on Title VII standards as a "useful guide").

New Restoration Act "standards" have plainly not been widely accepted by Federal or State courts, including this Court, and have often been expressly ignored. Indeed, there is no authority holding that the NYCHRL entirely dispenses with concepts of severity and pervasiveness. The established facts are not sufficiently "severe or pervasive" under *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310, 819 N.E.2d 998, 786 N.Y.S.2d 382, 394 (2004) (Alitalia Mem. pp, 12 – 14)[1] and the hostile environment claims should thus be dismissed.

**B.     Plaintiff's Retaliation Claim**

With respect to retaliation, the allegedly new Restoration Act standard is, in fact, nearly identical to the standard set by the U.S. Supreme Court after the Restoration Act was passed.

---

[1] Plaintiff's affidavit stating the he was subjected to a hostile environment "on a continual and almost daily basis" (Gallo Aff. ¶¶ 20, 21, *et alii*) is in direct contradiction to his deposition testimony (*see* Def. Facts, ¶¶ 34 through 42). "[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York Dep't of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996); *Bickerstaff v. Vassar College*, 196 F.3d 435, 455 (2d Cir. 1999). Moreover, Plaintiff's statements are merely conclusory. "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff*, 196 F.3d at 452.

4

Contrary to Plaintiff's argument (Pl. Opp. pp. 9-10), Plaintiff must still show that he suffered "an employment action disadvantaging" him, *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007), that would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345, 359 (2006). This is the very standard Plaintiff urges under the Restoration Act in an EEOC guideline cited in his own exhibit: "adverse employment action" means retaliatory adverse treatment "reasonably likely to deter the charging party or others from engaging in protected activity." Pl. Opp., Ex. B, Council Report of the Governmental Affairs Division, p. 3, fn4 (citing *Ray v. Henderson*, 217 F.3d 1234, 1241-1243 (9th Cir. 2000)). "Such actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand." *Id*. (citing *Gurry v. Merck & Co.*, 2003 U.S. Dist. LEXIS 6161 (S.D.N.Y. 2003)). "Nonetheless, it does not cover every offensive utterance by co-workers, because offensive statements by co-workers *do not reasonably deter employees from engaging in protected activity*." *Id*. (citing *Ray*, *supra*, at 1242-1243)(emphasis added).

## POINT IV

### PLAINTIFF IS UNABLE TO SHOW THAT ALITALIA'S REASON FOR TERMINATING HIS CONSULTING SERVICES IS PRETEXTUAL

Plaintiff's consulting services were terminated because an internal audit revealed serious accounting, record-keeping, documentation and other problems in Alitalia's North American operations (Alitalia Mem. p. 10; Def. Facts ¶¶ 14, 15, 16). Plaintiff has not controverted that legitimate non-discriminatory reason, nor the fact that another executive in New York was likewise terminated, the CFO Marco Marchese, who was just 43 years old (Def. Facts, ¶ 16). Plaintiff cites *Nembhard v. Memorial Sloan Kettering Cancer Center*, 1996 U.S.Dist. LEXIS 30738 (2d Cir. 1996) *unpublished*, for the odd proposition that an employer's contemporaneous

5

records are insufficient to establish a legitimate non-discriminatory reason to rebut a *prima facie* case of discriminatory termination (Pl. Opp. p. 19). This is absurd on its face, and a careful reading of *Nembhard* shows that it says nothing of the sort.

Plaintiff's claim that he was not responsible for any of the problems revealed by the audit (Pl. Opp. p. 19), is not a substitute for producing evidence that Alitalia's CEO, who ordered a "cleanup" of North America upon seeing the audit, and its corporate CFO and head of Human Resources, who carried it out, were motivated by discrimination or retaliation against Plaintiff. Plaintiff has thus failed to produce any evidence that the audit is a pretext for discrimination or retaliation. Accordingly, his discriminatory termination claim must be dismissed.

## POINT V

### THE ASSERTIONS BY MARIOTTI AND SCIARRESI DO NOT SALVAGE PLAINTIFF'S CASE

Plaintiff's reliance on the Affidavit of Gabrielle Mariotti ("Mariotti Aff.") is futile, as Mariotti does not create any material triable issues (*see* Pl. Opp. p. 16). Mariotti attributes to Libutti various sexist comments (e.g., Mariotti Aff. ¶¶ 3, 4, 16, 17), but gender discrimination is not at issue in this case. He also echoes Plaintiff's claims that there were instructions to fire certain employees for unlawful reasons (Mariotti Aff., ¶¶ 3 - 6, 8), but Gallo isn't among them. (In fact, only one of these employees was ultimately let go (*see* Def. Facts ¶ 33; Koral Aff. Ex. 37.)) Mariotti also alleges that Alitalia intended to fire him because he is gay (Mariotti Aff. ¶ 11), but he was never fired (Def. Facts ¶ 33), and he provides no information about Gallo's situation.. Finally, Mariotti states that he was frequently subjected to homophobic comments by the Individual Defendants (Mariotti Aff. ¶¶ 9, 12). Whatever Mariotti says he himself experienced, Gallo testified that, within the relevant time period, such comments to him by the Individual Defendants were sporadic, at most (Def. Facts ¶¶ 35, 38).

6

Plaintiff also offers the similarly irrelevant deposition testimony of Andrea Sciarresi from another lawsuit. Sciarresi testified that Libutti had a plan to "fire the old people . . . and replace them with young people" (Pl. Opp. p. 16). However, as shown in part by Plaintiff's own testimony, almost none of the people that were allegedly to be fired were in fact fired (*see* Alitalia Mem. pp. 18-19; Def. Facts ¶ 33). Libutti allegedly did not want to hire Alton Watts because he was black and perceived to be gay. (Pl. Opp. p. 16). Mr. Watts was hired nonetheless and remains employed at Alitalia (Koral Supplementary Affirmation, "Supp. Aff.," Ex. 1). Libutti also allegedly did not like women in high positions (Pl. Opp. p. 16).

The most that either witness does is to corroborate Gallo's testimony that Alitalia was rife with discriminatory schemes and hateful comments by Libutti, a proposition not challenged by Alitalia for summary judgment purposes. Neither even corroborates that Gallo engaged in any protected activity regarding these nefarious plans, or that he was affected in any way by them or by the toxic comments attributed to Libutti.. Neither offers information about the reasons for Alitalia's non-renewal of Gallo's consulting arrangement or, indeed, provides any evidence that creates a material contested fact regarding discrimination or retaliation for purposes of this Motion. That each has his own lawsuit pending against Alitalia may explain the self-serving contents of their testimony, but neither is of any help to Gallo.

## POINT VI

### PLAINTIFF HAS NOT SHOWN CONDUCT SUFFICIENTLY EXTREME AND OUTRAGEOUS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

"The tort of intentional infliction of emotional distress is highly disfavored under New York law." *Kearney v. County of Rockland*, 373 F.Supp.2d 434, 448 (S.D.N.Y. 2005). Even where a defendant has acted with "'tortious or even criminal'" intent, "there can be no claim if the conduct at issue is not 'utterly reprehensible.'" *Freedom Calls Foundation v.*

7

*Bukstel*, 2006 WL 2792762, *3 (E.D.N.Y. 2006)(quoting *Stuto v. Fleishman*, 164 F.3d 820, 827-828 (2d Cir. 1999)). New York courts routinely dismiss such claims in the employment context except when "accompanied by allegations of sex discrimination and, more significantly, battery." *Lydeatte v. Bronx Overall Economic Development Corp.*, 2001 WL 180055, *2 (S.D.N.Y. 2001).

Plaintiff relies on several decisions, all but one of which involve allegations of intentional, repeated and inappropriate sexual touching along with unwanted sexual advances (Pl. Opp. p. 22). *See O'Reilly v. Executone of Albany, Inc.*, 121 A.D.2d 772, 503 N.Y.S.2d 185 (3d Dep't 1986); *Bonner v. Guccione*, 916 F.Supp. 271, 274 (S.D.N.Y. 1996); *Collins v. Wilcox Inc.*, 158 Misc.2d 54, 57 (Sup.Ct. N.Y.Co. 1992).

Plaintiff also cites *Polley v. Federal Reserve Bank of New York*, 1994 WL 465923 (S.D.N.Y. 1994)(unreported) (Pl. Opp. p. 22), in which the African-American female plaintiff did not allege any sexual touching or unwanted advances but presented evidence of a consistent and specific pattern of raced-based harassment and discrimination over a period of seven years and the court held that this was sufficient to withstand a motion for summary judgment. This case, however, is "not persuasive" and is singularly "inconsistent with the vast bulk of New York state and federal intentional infliction of emotional distress decisions." *Mariani v. Consolidated Edison Co. of New York, Inc.*, 982 F.Supp. 267, 276, n.6 (S.D.N.Y. 1997); *see also Russo-Lubrano v. Brooklyn Federal Savings Bank*, 2007 WL 121431, *7 n.18 (E.D.N.Y. 2007).

In the instant matter, Gallo has not shown unwanted sexual touching or any of the other gross and sustained mistreatment in the workplace that has caused a handful of courts to sustain a claim for intentional infliction of emotional distress. The decisions Plaintiff cites are simply not applicable to this case, and Plaintiff's failure to produce evidence of sufficiently "extreme and outrageous" conduct dictates that this claim be dismissed as a matter of law.

8

## POINT VII

### PLAINTIFF'S DEFAMATION CLAIM SHOULD BE DISMISSED

As set forth in Alitalia's moving Memorandum of Law (pp. 22 - 23), Plaintiff's claim for defamation should be dismissed as against Alitalia. *See also* the Individual Defendants' moving Memorandum (pp. 7 – 9) and Reply Memorandum (pp. 4 – 7), showing that the claim is based on inadmissible hearsay and upon an alleged statement that is not defamatory *per se.* .

## POINT VIII

### PLAINTIFF HAS NOT PRODUCED ANY DISPUTED MATERIAL ISSUES OF FACT WITH RESPECT TO HIS BREACH OF CONTRACT CLAIM

The established facts show that there was no breach of Plaintiff's consulting Agreement by Alitalia. Because Plaintiff does not contest that he received a $300,000 severance payment, a $54,000 payment for his pension, and three separate $200,000 payments pursuant to his consulting agreement (Def. Facts ¶ 10; Koral Supp. Aff. Exhibit 2), the claim for breach of contract rests entirely on Plaintiff's statement that he did not receive certain continuing "benefits," including various car and cell phone expenses, health insurance, 401(k) contributions and a gold Rolex watch (Pl. Facts ¶¶ 10, 11). Plaintiff also states that he was not reimbursed for certain entertainment expenses (Pl. Aff. ¶ 10).

Gallo conceded at his deposition that he received continuing health insurance coverage (Koral Aff. Ex. 63, Gallo 35:6-17) and lump sum payments for miscellaneous items that included automotive and cell phone costs through age 65 (Def. Facts ¶ 10). His affidavit contradicting his prior testimony (*see* Pl. Aff. ¶¶ 10, 11) may not be used to create an issue of fact on this motion. *Hayes*, *supra*, 84 F.3d at 619; *Bickerstaff*, *supra*, 196 F.3d at 455.

As for any ongoing 401(k) contributions, the consulting Agreement expressly states that Plaintiff would be "entitled to payment for all benefits to which he had vested up through that

9

point [September 15, 2005], including but not limited to his … 401(k) balance) . . . ." (Koral Aff. Exhibit 5, ¶ 2).  Thus, Plaintiff's 401(k) payments ended by the express terms of the Severance Agreement.  Further, the statement that Plaintiff was entitled "to all benefits . . ." is followed by the alternative option of "or payment necessary to privately purchase their equivalents" (*Id*).  Thus, the "benefits" referred to were addressed to insurance and other benefits that may be privately purchased.  Participation in a 401(k) plan cannot be privately purchased.  Finally, reimbursement of expenses is not an employee "benefit", nor is receipt of a gold Rolex watch.[2]  Accordingly, Plaintiff's breach of contract claim should be dismissed.

## CONCLUSION

For the foregoing reasons, defendant Alitalia—Linee Aeree Italiane, S.p.A. respectfully requests that the Court grant an Order of summary judgment in its favor on the grounds that Plaintiff has failed to establish any issues of material fact with respect to any of his claims, and for such other and further relief as to the Court may seem just and proper.

Dated: New York, New York  
       July 7, 2008

VEDDER PRICE, P.C.

By: /s/   Alan M. Koral  
    Alan M. Koral (AK 1503)  
    Charles S. Caranicas (CC 9244)

Attorneys for Defendant  
*Alitalia—Linee Aeree Italiane, S.p.A*

1633 Broadway – 47th Floor  
New York, New York 10019  
(212) 407-7700

---

[2]  Plaintiff offers no evidence other than his own conclusory assertion that he was ever entitled to a gold Rolex watch (Pl. Aff., ¶ 10), which is not mentioned in the Amended Complaint or in Plaintiff's deposition testimony.  There is likewise no evidence in Plaintiff's Facts, his lengthy Affidavit or his Opposition that Gallo ever submitted any receipts in connection with the alleged entertainment expenses or that Gallo ever otherwise sought reimbursement.