UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCESCO GALLO,

               Plaintiff,

      -against-

ALITALIA – LINEE AEREE ITALIANE –
SOCIETA PER AZIONI, PIERANDREA GALLI,
and GIULIO LIBUTTI,

             Defendants.

Case No.  07 CV 06418 (CM) (RLE)


**REPLY MEMORANDUM OF LAW OF DEFENDANTS PIERANDREA GALLI
AND GIULIO LIBUTTI IN SUPPORT OF THEIR MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(b)**


Alan M. Koral, Esq.
Charles Caranicas
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, New York  10019
(212) 407-7700

# TABLE OF CONTENTS

**Page**

ARGUMENT ................................................................................................................ 1

POINT I
SUMMARY JUDGMENT SHOULD BE GRANTED WITH RESPECT TO
ARGUMENTS WHICH PLAINTIFF HAS FAILED TO ADDRESS ............................ 1

POINT II
PLAINTIFF CANNOT ESTABLISH ANY CLAIMS FOR DISCRIMINATORY
TERMINATION AGAINST THE INDIVIDUAL DEFENDANTS ............................... 3

POINT III
PLAINTIFF'S CLAIM FOR DEFAMATION AGAINST DEFENDANT
LIBUTTI IN HIS NINTH COUNT FAILS AS A MATTER OF LAW .......................... 4

    A.    Plaintiff's Defamation Claim Must Be Dismissed Because He Relies
Entirely On Inadmissible Hearsay ......................................................... 4

    B.    Plaintiff's Defamation Claim Must Be Dismissed Because He Has Failed
To Establish Defamation Per Se ........................................................... 5

CONCLUSION............................................................................................................. 7

# TABLE OF AUTHORITIES

Page

## Cases

*Albert v. Loksen*, 239 F.3d 256 (2d Cir. 2001) ................................................................ 5

*BellSouth Telecommunications, Inc. v. W.R. Grace & Co.*, 77 F.3d 603 (2d Cir. 1996) .............. 3

*Bickerstaff v. Vassar College*, 196 F.3d 435 (2d Cir. 1999) ........................................................ 3

*Cavallaro v. Pozzi*, 28 A.D.3d 1075, 814 N.Y.S.2d 462 (4th Dep't 2006) ................................... 6

*Hill v. Rayboy-Brauestein*, 467 F.Supp.2d 336 (S.D.N.Y. 2006) ................................................ 5

*Lewittes v. Cohen*, 2004 U.S. Dist., LEXIS 9467, *10 (S.D.N.Y. 2004) ...................................... 6

*Liberman v. Gelstein*, 80 N.Y.2d 429, 605 N.E.2d 344, 590 N.Y.S.2d 857 (1992) .................. 5, 6

*Nowark v. Maguire*, 22 A.D.2d 901, 255 N.Y.S.2d 318 (2d Dep't 1964)..................................... 6

*Rejent v. Liberation Publications, Inc.*, 197 A.D.2d 240, 611 N.Y.S.2d 866 (1st Dep't 1994) ..... 6

*Simas v. Merrill*, 2004 WL 213013, *8 (S.D.N.Y. 2004) ............................................................ 5

*Snyder v. Sony Music Entertainment, Inc.*,
    252 A.D.2d 294, 684 N.Y.S.2d 235 (1st Dep't 1999) ............................................................ 5

*Ward v. Klein*, 10 Misc. 3d 648, 809 N.Y.S.2d 828 (Sup. Ct. N.Y.Co. 2005) ............................ 6

## Statutes

*N.Y. Penal Code*, § 255.17 ........................................................................................................ 5

Defendants Pierandrea Galli ("Galli") and Giulio Libutti ("Libutti")(collectively, the "Individual Defendants"), by their attorneys, Vedder Price P.C., submit this reply memorandum of law pursuant to Federal Rule of Civil Procedure ("FRCP") 56(b) in support of their Motion for Summary Judgment on all of the causes of action set forth in the Amended Complaint of plaintiff Francesco Gallo ("Gallo" or "Plaintiff").  Defendant Alitalia—Linee Aeree Italiane, S.p.A. ("Alitalia) submits its reply on its motion for summary judgment under separate cover.

## ARGUMENT

## POINT I

## SUMMARY JUDGMENT SHOULD BE GRANTED WITH RESPECT TO ARGUMENTS WHICH PLAINTIFF HAS FAILED TO ADDRESS

As shown in co-defendant Alitalia's Reply Memorandum of Law ("Alitalia Reply," p. 1), Plaintiff has failed even to address in his Memorandum in Opposition to Altalia's Motion for Summary Judgment ("Pl. Alitalia Opp.") crucial legal and factual arguments set forth in Alitalia's moving Memorandum of Law ("Alitalia Mem.").  Alitalia cannot therefore be held liable as a matter of law for most of the discrimination claims in Plaintiff's First and Fourth Counts under the New York City and New York State Human Rights Laws, for coercion and intimidation under the City law (Seventh Count) and for the negligent infliction of emotional distress claim in the Eighth Count.  Summary judgment should therefore be granted as well to the Individual Defendants as to those claims, and also as  to claims for aiding and abetting all alleged violations of the anti-discrimination laws (Third and Sixth Counts) to the extent that are thus dismissed for lack of opposition or are otherwise dismissed as a result of Alitalia's Motion for Summary Judgment.  It is axiomatic that the Individual Defendants cannot aid and abet alleged violations of law by their employer that cannot be found to have occurred.

1

Plaintiff has likewise failed in his Memorandum of Law in Opposition to the Individual Defendants' Motion for Summary Judgment ("Pl. ID Opp.") or in his "Counter-Statement of Undisputed Facts" ("Pl. Facts") to controvert a number of legal and factual arguments raised by the Individual Defendants in their moving Memorandum of Law in support of their joint Summary Judgment Motion ("ID Mem."). These include the following:

- First, Third, Fourth and Sixth Counts—Plaintiff cannot establish hostile environment claims against the Individual Defendants (ID Mem. pp. 3 – 4). See also, Alitalia Mem. pp. 11 – 14 and Alitalia Reply pp. 2 – 4.

- Second and Fifth Counts—Plaintiff cannot establish retaliation claims against the Individual Defendants (ID Mem. pp. 4 – 5). See also, Alitalia Mem. pp. 14 – 19 and Alitalia Reply p. 5.

- Ninth Count—Plaintiff offers no evidence to contradict the Individual Defendants' arguments that they cannot be held liable for breach of a contract to which neither was a party and which there is no evidence that either breached (ID Mem. p. 9).

Judgment should therefore be given to the Individual Defendants on the above claims and, as shown below, on any claim relying on alleged discriminatory or retaliatory termination (Point II, below). In addition, defendant Libutti cannot be held liable for defamation (Point III, below).

In contrast to the omissions cataloged above, Plaintiff gratuitously offers arguments in opposition to points that the Individual Defendants did not assert in their moving papers. The Individual Defendants never argued that they could not be subject to individual liability as a

2

matter of law (Pl. ID Opp. pp. 3-5).  Nor did the Individual Defendants (or Alitalia) assert a

*Farragher-Ellerth* defense (Pl. Alitalia Opp. pp. 3-6).  Moreover, Plaintiff's entire discussion (or,

rather, his list) of allegedly "controverted facts" (Pl. Alitalia Opp. pp. 10 – 16) may be ignored

by the Court, as the Individual Defendants (and Alitalia)—as required under summary judgment

standards—have in both their moving and reply papers accepted Plaintiff's material facts (when

competently presented) as true for the limited purpose of this summary judgment motion.  The

fact that the Defendants ultimately deny many of these "facts" is of no import to the Court's

analysis of the instant Summary Judgment Motions..

## POINT II

### PLAINTIFF CANNOT ESTABLISH ANY CLAIMS FOR DISCRIMINATORY TERMINATION AGAINST THE INDIVIDUAL DEFENDANTS

In his Opposition to this Motion, Plaintiff has not effectively controverted the fact that

neither Libutti nor Galli was involved in making the decision to terminate Plaintiff's consulting

services.  In his "Counter-Statement of Undisputed Facts" Plaintiff offers a merely conclusory

assertion that the Individual Defendants "were both involved in terminating Plaintiff from

Alitalia," (Pl. Facts, ¶ 18), a contention for which he cites his entire 27-page single spaced (120

paragraph) affidavit as supporting evidence.  This cannot salvage his claim.  "Statements that are

devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly

supported motion for summary judgment." *Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d

Cir. 1999).  "[U]ltimate or conclusory facts . . . cannot be utilized on a summary judgment

motion. . . Such conclusory statements are insufficient to raise a triable issue of material fact, and

hence were properly disregarded." *BellSouth Telecommunications, Inc. v. W.R. Grace & Co.*, 77

F.3d 603, 615 (2d Cir. 1996).  Moreover, nowhere in his affidavit—and certainly nowhere in his

Rule 56 fact statement—does Plaintiff actually assert that the Individual Defendants were responsible for the decision to dispense with his consulting services, nor does he provide any factual basis for believing that this is the case.

Finally, there is no basis, in Plaintiff's affidavit or anywhere in the record, upon which the Court could conclude that Plaintiff has any personal knowledge with respect to who made the decision to terminate his services, and he has provided no evidence that shows otherwise. Since the deposition testimony and documentary evidence show conclusively that the Individual Defendants were not involved in making the decision to terminate Plaintiff's consulting services (Defendants' Joint Statement of Uncontested Material Facts, "Def. Facts," ¶ 18), Plaintiff's claims for discriminatory and retaliatory termination against them should be dismissed.

## POINT III

### PLAINTIFF'S CLAIM FOR DEFAMATION AGAINST DEFENDANT LIBUTTI IN HIS NINTH COUNT FAILS AS A MATTER OF LAW

**A.**   **Plaintiff's Defamation Claim Must Be Dismissed Because He Relies Entirely On Inadmissible Hearsay**

Plaintiff's defamation claim relies solely on his statement that Libutti told Plaintiff's wife (who later told Plaintiff) that Plaintiff was a homosexual and that he had engaged in an adulterous homosexual affair with another Alitalia employee, Dursun Oksuz (Pl. Aff., ¶ 56; Pl. ID Opp., p. 8). However, Libutti denies the allegation (Affirmation of Alan M. Koral in Supprt of Defendants' Motions for Summary Judgment, Ex. 57; Libutti 73:2-4) and there has been no testimony on this issue by Plaintiff's wife. Thus Plaintiff is relying entirely on hearsay that his wife and Libutti ever had such a conversation. "When challenged on a motion for summary judgment, a plaintiff may not rely solely on hearsay or conclusory allegations that the slanderous

4

statement was made." *Albert v. Loksen*, 239 F.3d 256, 266 (2d Cir. 2001)(quoting *Snyder v. Sony Music Entertainment, Inc.*, 252 A.D.2d 294, 298, 684 N.Y.S.2d 235, 238 (1st Dep't 1999)); *Hill v. Rayboy-Brauestein*, 467 F.Supp.2d 336, 361 (S.D.N.Y. 2006)(hearsay "should not be considered as evidence in opposition to a motion for summary judgment"); *Simas v. Merrill*, 2004 WL 213013, *8 (S.D.N.Y. 2004)(the plaintiff's defamation claim "must fail as he has not proffered any non-hearsay evidence to show that defamatory statements were ever made"). Accordingly, Plaintiff's defamation claim should be dismissed.

**B.    Plaintiff's Defamation Claim Must Be Dismissed Because He Has Failed To Establish Defamation *Per Se***

Even if Plaintiff's hearsay evidence were deemed sufficient to withstand summary judgment, his defamation claim should nevertheless be dismissed. Because Plaintiff has not shown special damages—*i.e.* "the loss of something having economic or pecuniary value," *Liberman v. Gelstein*, 80 N.Y.2d 429, 434-435, 605 N.E.2d 344, 590 N.Y.S.2d 857 (1992)—he must establish defamation *per se*, which requires that the underlying circumstances fall under one of four established exceptions to the rule that requires a showing of special damages. *Id*. 80 N.Y.2d at 435. The only exception possibly relevant to this case is "charging plaintiff with a *serious* crime." *Id*. (emphasis added). Plaintiff argues that Libutti's alleged statement that Plaintiff committed adultery meets this exception (Pl. ID Mem., pp. 8-9). It does not. "Not every imputation of unlawful behavior, however, is slanderous *per se*. . . Thus, the law distinguishes between serious and relatively minor offenses, and only statements regarding the former are actionable without proof of damage." *Id*.

Although adultery remains a criminal offense in New York, *N.Y. Penal Code*, § 255.17, accusations of adultery "do not as a matter of law support the defamation cause of action."

*Cavallaro v. Pozzi*, 28 A.D.3d 1075, 1077, 814 N.Y.S.2d 462, 465 (4th Dep't 2006). Adultery is a "class B misdemeanor, which is the lowest grade of criminal offense. Thus, if adultery were deemed a serious crime, then all crimes necessarily would constitute serious crimes and the use of the adjective 'serious' in *Liberman* would be rendered superfluous." *Id*. The "alleged crime of adultery is not a serious crime within the meaning of *Liberman*." *Id*.[1]

As noted in the Individual Defendants' moving memorandum of law (pp. 8-9), although earlier New York decisions have held that accusations of homosexuality are defamation *per se*, New York courts have noted that what was once defamatory *per se* may no longer be so because of "changing social mores." *Ward v. Klein*, 10 Misc.3d 648, 809 N.Y.S.2d 828, 832 (Sup. Ct., N.Y.Co. 2005). Indeed, laws and social attitudes toward homosexuals have changed dramatically since the decisions upon which Plaintiff relies,[2] and this Court has expressly recognized "welcome shifts in social perceptions of homosexuality." *Lewittes v. Cohen*, 2004 U.S. Dist., LEXIS 9467, *10 (S.D.N.Y. 2004). In addition to the fact that open homosexuals

---

[1]  Of the cases on which Plaintiff relies to the contrary, all but two predate *Liberman*, and all predate *Cavallaro* (and at least two have been overruled or abrogated). *Ward v. Klein*, 10 Misc. 3d 648, 653, 809 N.Y.S.2d 828 (Sup. Ct. N.Y.Co. 2005) involved accusations about a woman's unchastity, not her supposed adultery, in a documentary about the rock band KISS which showed the female plaintiff's photograph immediately after the caption "24 Hour Whore" and again immediately after the band's lead singer described numerous casual sexual encounters. The Court stated that allegations of unchastity, "*when combined with claims of promiscuity and casual sexual encounters such as those here*," supported the plaintiff's claim of defamation *per se*. *Id*. 809 N.Y.S.2d at 833. *Rejent v. Liberation Publications, Inc.*, 197 A.D.2d 240, 611 N.Y.S.2d 866 (1st Dep't 1994) involved the publication of the male plaintiff's photograph, without his consent, in a magazine featuring homosexually oriented sexually explicit photographs of men. This was sufficient to state a claim for defamation because it depicted the plaintiff as "sexually lustful and promiscuous . . . and that he endorses and subscribes to the sexual attitudes and views expressed in [the defendant's] publications." *Id*. 611 N.Y.S.2d at 867. Neither of these cases is applicable to the instant case.

[2]  Plaintiff relies on *Nowark v. Maguire*, 22 A.D.2d 901, 255 N.Y.S.2d 318 (2d Dep't 1964)—a decision going back nearly two generations—for the outdated proposition that imputing homosexuality to a man may constitute slander *per se*.

now hold prominent positions in politics, entertainment and business, at least two states (California and Massachusetts) now permit same-sex marriages, and New York's Governor Patterson, following a decision by the Appellate Division, Fourth Department, recently issued a directive ordering that New York State agencies fully recognize such marriages that occur in other jurisdictions.  In light of these significant recent political and social changes, it can no longer be said that accusations of homosexuality are defamatory *per se*.

Accordingly, the alleged statement by Libutti that Plaintiff was a homosexual and engaged in adultery with Oksuz, even when taken as true for purposes of this motion, cannot establish Plaintiff's defamation claim sufficiently to withstand summary judgment because it does not constitute defamation *per se* and Plaintiff has not pleaded or shown any special damages.  Therefore, the defamation claim must be dismissed as against Libutti and, by extension, Alitalia.

## **CONCLUSION**

For the foregoing reasons, defendants Pierandrea Galli and Giulio Libutti respectfully request that this Court grant an Order of summary judgment in their favor on the grounds that Plaintiff has failed to establish any issues of material fact with respect to any of his claims against them, and for such further relief as the Court may deem just and proper.

Dated: New York, New York   VEDDER PRICE, P.C.
   July 7, 2008

          By: <u>/s/   Alan M. Koral</u>
            Alan M. Koral (AK 1503)
            Charles S. Caranicas (CC 9244)

          Attorneys for Defendants
          *Pierandrea Galli* and *Giulio Libutti*

          1633 Broadway – 47th Floor
          New York, New York 10019
          (212) 407-7700

8