UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCESCO GALLO,

       Plaintiff,

-against-

ALITALIA-LINEE AEREE ITALIANE –
SOCIETA PER AZIONI, PIERANDREA GALLI,
and GIULIO LIBUTTI,

       Defendants.

Case No.  07 CV 06418 (CM)(RLE)

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO EXCLUDE
<u>AFFIDAVIT OF NUNZIA FATICA GALLO</u>**


        V<small>EDDER</small>, P<small>RICE</small>, K<small>AUFMAN</small> & K<small>AMMHOLZ</small>, P.C.
        1633 Broadway, 47th Floor
        New York, New York 10019
        (212) 407-7700

        *Attorneys for Defendants Alitalia-Linee Aeree Italiane
          S.p.A., Pierandrea Galli, and Giulio Libutti*

NEWYORK/#198440.5

## TABLE OF CONTENTS

**Page**

FACTS AND PROCEDURAL HISTORY ................................................................................... 1

ARGUMENT .................................................................................................................................. 3

POINT ONE   PLAINTIFF HAS OFFERED NO JUSTIFICATION FOR THE FACT THAT THE AFFIDAVIT WASN'T EVEN EXECUTED UNTIL AFTER HIS OPPOSITION FILINGS WERE DUE .......................................................... 3

POINT TWO   PLAINTIFF HAS FAILED TO OFFER A MEANINGFUL EXPLANATION FOR HIS FAILURE TO FILE THE AFFIDAVIT OR OTHERWISE ALERT DEFENDANTS AND THE COURT TO ITS EXISTENCE UNTIL THREE WEEKS HAD ELAPSED FROM THE DATE OF ITS PURPORTED EXECUTION .......................................................... 3

CONCLUSION ............................................................................................................................... 4

i

**<u>Cases</u>**

*Hebert v. Wicklund*, 744 F.2d 218 (1st Cir. 1984) ................................................................... 3, 4

**<u>Rules</u>**

Federal Rule of Civil Procedure 56(b) ........................................................................................ 1
Federal Rule of Civil Procedure 56(e)(1) ................................................................................ 1, 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCESCO GALLO,

            Plaintiff,

-against-

ALITALIA-LINEE AEREE ITALIANE –
SOCIETA PER AZIONI, PIERANDREA GALLI,
and GIULIO LIBUTTI,

            Defendants.

---

Case No.  07 CV 06418 (CM)(RLE)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE AFFIDAVIT OF NUNZIA FATICA GALLO**

## PRELIMINARY STATEMENT

Defendants Alitalia-Linee Aeree Italiane, S.p.A. (collectively, the "Defendants"), submit this memorandum of law in support of their motion for an Order excluding the Affidavit of nonparty Nunzia Fatica Gallo dated July 2, 2008 (the "Affidavit"), submitted by plaintiff Francesco Gallo ("Plaintiff") in purported opposition to the Defendants' Motion for Summary Judgment, on the grounds that its submission is untimely and prejudicial, and that permission to deviate from the Court's scheduling orders is not justified and has neither been timely sought nor obtained by Plaintiff, awarding Defendants their reasonable costs and disbursements incurred on this motion, and granting such other and further relief as the Court may deem just and proper. Defendants will further move this Court, in the alternative, for an Order, pursuant to Fed. R. Civ. P. 56(e)(1), permitting Defendants to take the affiant's deposition and to file a supplemental brief addressing such deposition and the Affidavit.

## FACTS AND PROCEDURAL HISTORY

Defendants filed two motions for summary judgment dismissing the Complaint, pursuant to Fed. R. Civ. P. 56(b), on April 28, 2008 (the "Motions"). Plaintiff's papers in opposition to

1

the Motions were ultimately filed on June 27, following the Court's granting of extensions of time to Plaintiff totaling six weeks from the date on which those opposition filings were originally due.

On July 22, Plaintiff appeared for a deposition in another case, *Rylott-Rooney v. Alitalia*, No. 07-cv-11091, at which Defendants' counsel was present. He made no reference to the existence of any nonparty affidavits at that time.

On the evening of July 24 at 7:06 p.m., almost a full month after Plaintiff's opposition papers were filed, Plaintiff's counsel, Derek T. Smith, Esq. ("Smith"), attempted to file the Affidavit by attaching it to a cover letter purporting to excuse the lateness of the filing, and submitting both documents via ECF.[1] The letter states that Smith had "just received" the Affidavit, or at least that he "did not receive this Affidavit from my client until this week." It does not address: (1) Smith's failure to obtain the Affidavit during the two month period which he was afforded to prepare his opposition filings; (2) the failure of Smith's client to convey it to him at any point during the three weeks following its execution; or (3) Smith's failure to timely seek or obtain permission to deviate from this Court's scheduling orders.

---

[1] The means by which Mr. Smith submitted the Affidavit (through attachment to a letter) violate the Electronic Case Filing Rules & Instructions of the Southern District of New York, which prohibit the filing of letters via the ECF system and reserve to the Court the discretion to add letters to the docket (*see* Electronic Case Filing Rules & Instructions § 13.1).

# ARGUMENT

## POINT ONE

**PLAINTIFF HAS OFFERED NO JUSTIFICATION FOR THE FACT THAT THE AFFIDAVIT WASN'T EVEN EXECUTED UNTIL AFTER HIS OPPOSITION FILINGS WERE DUE**

The Affidavit is dated July 2, 2008, five days after Plaintiff's opposition papers were filed. Accordingly, the representations in Smith's letter to the Court that it was "supposed to be Exhibit H to [Plaintiff's] Opposition papers" are disingenuous at best, as the Affidavit did not exist at the time the opposition papers were filed. Perhaps Smith *intended* to obtain such an affidavit, but he did not do so and offers no explanation for his failure to do so. Casting further doubt on the candor of Smith's representation to the Court is the fact that there is no reference whatever in Plaintiff's opposition filings to any affidavit by Nunzia Gallo, nor is there any reference to an Exhibit H. Consequently, the Affidavit should be excluded. *See*, *e.g.*, *Hebert v. Wicklund*, 744 F.2d 218, 222 (1st Cir. 1984) (court properly declined to consider affidavit of a witness submitted in opposition to motion for summary judgment that was filed two weeks after court-imposed deadline).

## POINT TWO

**PLAINTIFF HAS FAILED TO OFFER A MEANINGFUL EXPLANATION FOR HIS FAILURE TO FILE THE AFFIDAVIT OR OTHERWISE ALERT DEFENDANTS AND THE COURT TO ITS EXISTENCE UNTIL THREE WEEKS HAD ELAPSED FROM THE DATE OF ITS PURPORTED EXECUTION**

Smith's attempt to explain his failure to file or serve the Affidavit until more than three weeks after its purported date is also insufficient to justify its consideration by the Court. He states that he "just received" the Affidavit, or at least that he "did not receive this Affidavit from my client until this week." However, it is Smith's responsibility to obtain such affidavits from

3

nonparty witnesses and to make at least minimal attempts to assure himself of their authenticity and accuracy—it is not the responsibility of his client to do so.

Moreover, no explanation is offered as to why Smith's client took three weeks to convey the Affidavit to Smith and Smith, in turn, did not alert the Court on July 2 or at any point during the next three weeks as to his need to file a nonparty affidavit. Smith similarly fails to offer an explanation as to why he did not inform Defendants of the Affidavit on July 2 (six days prior to the date on which Defendants' Reply papers were due) or at any point thereafter as to the existence and contents of the Affidavit. Consequently, in the absence of any meaningful explanation as to any of these points and in light of the failure to timely petition the Court, the Affidavit should be excluded. *See Hebert*, 744 F.2d at 222.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Affidavit be excluded, or, in the event that the Court denies that relief, that the Court order that Defendants be permitted to depose Nunzia Fatica Gallo pursuant to Federal Rule of Civil Procedure 56(e)(1).

Dated: New York, New York
July 25, 2008

VEDDER PRICE, P.C.

By: /s/ Alan M. Koral
   Alan M. Koral (AK 1503)
   Charles S. Caranicas (CC 9244)

Attorneys for Defendants
*Alitalia-Linee Aeree Italiane S.p.A.,*
*Pierandrea Galli, and Giulio Libutti*

1633 Broadway – 47th Floor
New York, New York 10019
(212) 407-7700

4

## TABLE OF AUTHORITIES

**Page**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCESCO GALLO,

        Plaintiff,

-against-

ALITALIA-LINEE AEREE ITALIANE –
SOCIETA PER AZIONI, PIERANDREA GALLI,
and GIULIO LIBUTTI,

        Defendants.

---

Case No. 07 CV 06418 (CM)(RLE)

**CERTIFICATE OF SERVICE**

    I, Alan M. Koral, hereby declare, pursuant to 28 U.S.C. 1746, under penalty of perjury, that on July 25, 2008, I caused a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE AFFIDAVIT OF NUNZIA FATICA GALLO** to be served upon Plaintiff by electronically filing same, thereby ensuring that Plaintiff's attorney, Derek T. Smith, Esq. of Akin & Smith, LLC, received same because he is a registered e-filer and registered to receive e-notices in this case.

DATED: July 25, 2008                  s/ Alan M. Koral
                                                 Alan M. Koral